[No. 521.  Decided August 12, 1892.]

KNAPP, BURRELL & COMPANY, *Respondent*, v. H. B.
STRAND, *Appellant*.

FOREIGN CORPORATION—PROOF OF INCORPORATION—CERTIFICATE OF
SECRETARY OF STATE.

In an action by a foreign corporation, a copy of its articles of in-
corporation and of the appointment of an agent certified by the secre-
tary of state as being of record in his office are, under the statutes of
this state, *prima facie* proof of the organization of such corporation
and of its right to transact business in the state.

*Appeal from Superior Court, Whatcom County.*

*Fairchild & Rawson,* for appellant.

*Harris, Black & Leaming,* for respondent.

The opinion of the court was delivered by

STILES, J.—This was an action commenced by the re-
spondent to recover upon three promissory notes alleged
to have been executed and delivered to it by the appellant.
The complaint alleged that at all the times therein named
the plaintiff was a corporation duly organized and existing
under the laws of Oregon, and authorized to transact busi-
ness in the State of Washington.  The answer denied this
allegation for want of knowledge or information, and in a
separate paragraph specifically denied the filing of a copy
of the plaintiff's articles of incorporation, or of an appoint-
ment of an agent, with the secretary of state or the au-
ditor of any county.  At the trial, the respondent having,
over objection, introduced a copy of articles of incorpora-
tion, and of the appointment of an agent, certified by the
secretary of state, rested that part of its case.  The only
point made on this appeal is against the sufficiency of the
documents to prove the corporate existence of the respond-

ent, and its authority to transact business here. This question arises upon a motion made by appellant for a non-suit.

Formerly, when the organization of corporations was dependent upon special legislation, and when the corporations of one state were allowed to do business in another by courtesy, and not under positive statutory authority, there was some strictness in proving their corporate capacity. Under the condition of things then prevailing, the primary thing was proof of the foreign law under which the corporation was claimed to have an existence, and then followed the successive steps to show the actual organization. But under the more modern system, as adopted in this state, which is a common one at this time, while the proof of corporate existence and the right to transact business is required, if denied, the method of making *prima facie* proof is materially changed. Gen. Stat., § 1499, provides that a copy of any certificate of incorporation of a domestic corporation certified by the secretary of state (or county auditor) shall be received in the courts as *prima facie* evidence of the facts therein stated; that is, generally of the "formation of a company." Sec. 1498. Sec. 1524 puts foreign corporations upon precisely the same footing as domestic corporations with respect to their right to transact business, and to sue and be sued in this state, upon their compliance with the requirements of the succeeding two sections. Sec. 1525 is an unusually clear cut and definite expression of the legislative will, and we quote it complete, as follows:

"Such corporation shall cause to be filed and recorded in the office of the secretary of state a certified copy of its charter, articles of incorporation, memorandum of association, or certificate of incorporation, certified to by the officer who is the custodian of the same according to the laws of the state or territory, country or colony, where such corporation is incorporated, or who is authorized to issue certificates of incorporation according to the laws of such state,

territory, or foreign country or colony. The instruments herein required to be filed and recorded, shall be attested by such certifying officer under his hand and seal of office, which attestation shall be *prima facie* proof of the facts therein stated, and of the genuineness of the certificate. If such officer has no official seal, his certificate shall state that fact over his signature, and thereupon the secretary of state, or of the territory, in case of corporations within the United States, and the consul general, consul, vice consul, deputy consul, consular agent, or commercial agent of the United States, at or nearest to the place where such certificate is made, in the case of corporations not within the United States, shall certify under his hand and seal of office to the genuineness of the signature of the officer making the certificate, and to the fact that at the time of making such certificate the person making the same held the office described in the certificate."

It is to be noted that the foregoing section makes the certificate of the proper officer in a foreign jurisdiction *prima facie* proof of the facts therein stated; that is, of the formation of the company under the foreign law. The copy of the charter, articles of incorporation, memorandum of association or certificate of incorporation, thus certified, is, by our statute, made an original, which is entitled to record in the archives of the State, and proves itself as against a general denial, when certified by our own secretary of state. In other words, the plan here followed places it in the power of the secretary of this state to determine *prima facie* what the law of each foreign state is, as applied to the organization of corporations under its authority. Sec. 1526 provides for the appointment of an agent to be filed and recorded with the secretary of state. This is an original instrument, which is thus made a public record also, and proof of its existence can be made by certified copy. It follows that the action of the superior court in admitting the copies, and refusing the non-suit, was correct.

The dealings of the appellant with the respondent, and his demand for affirmative relief in this action, might furnish grounds for an argument that he should be estopped to deny the corporate character of his creditor, but the ruling above adopted on the main question makes it unnecessary to pursue it.

The judgment is affirmed.

ANDERS, C. J., and HOYT, DUNBAR and SCOTT, JJ., concur.