## MINNEAPOLIS THRESHING MACHINE CO., APPELLANT, *v.* STANFORD MERCANTILE CO., RESPONDENT.

### (No. 4,311.)

(Submitted March 11, 1921. Decided March 29, 1921.)

[197 Pac. 993.]

*Pleading—Corporate Capacity—General and Specific Denials— Issues—New Trial Order—Record on Appeal.*

Pleading—Corporate Capacity—General Denial—Raises No Issue.
   1.   A general denial did not put in issue the allegation of plaintiff's corporate capacity.

Same—Corporate Capacity—Specific Denial—Nonsuit.
   2.   Where the question of plaintiff's corporate capacity was raised by specific denial, it devolved upon it to prove its allegation of corporate existence, failing in which it was properly nonsuited.

New Trial Order—Record on Appeal—Must Contain Judgment-roll.
   3.   Under sections 6799 and 7114, Revised Codes, the record on appeal from an order overruling a motion for new trial must, among other things, contain the judgment-roll or such parts thereof as may be necessary to be considered on the appeal.

Same—Record on Appeal—Must Contain Judgment.
   4.   Unless appellant procures an order from the supreme court or a justice thereof, under section 7115, Revised Codes, permitting an abbreviated record to be filed by omitting any part of the judgment-roll, the record on appeal from an order overruling a motion for new trial must contain the complete judgment-roll, and, therefore, the judgment.

*Appeal from District Court, Fergus County; Roy E. Ayres, Judge.*

---

1. What is sufficient allegation of corporate existence in action by or against corporation, see note in **Ann. Cas. 1913C, 335.**

ACTION by the Minneapolis Threshing Machine Company against the Stanford Mercantile Company. Nonsuit granted. Plaintiff appeals from an order overruling its motion for new trial. Affirmed.

*Messrs. McKenzie & McKenzie,* for Appellant, submitted a brief; *Mr. John McKenzie* argued the cause orally.

*Messrs. Belden & De Kalb,* for Respondent, submitted a brief; *Mr. H. L. De Kalb* argued the cause orally.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

One Louis Kalous gave to plaintiff a chattel mortgage upon certain personal property, which mortgaged property was sold by defendant without consent of plaintiff. It is contended by plaintiff that defendant was a trespasser and committed a tort in making the sale, and that plaintiff thereby has an action in conversion against defendant. Plaintiff expressly waives the tort, however, affirms the sale, and sues to recover the sale price of the property. At the close of plaintiff's evidence, defendant moved for a nonsuit, which motion was granted. Plaintiff made a motion for new trial, which motion was overruled. Appeal was taken from the order overruling the motion.

It is contended by defendant that such motion was properly
[1] granted, because, among other reasons, there was no proof that plaintiff was a corporation. The complaint alleges "that during all the times and dates hereinafter mentioned, plaintiff was, and ever since has been, and now is a corporation duly organized and existing under and by virtue of the laws of the state of Minnesota." The answer of defendant specifically denies these allegations. It has been decided by this court in several cases that a general denial does not raise the question of the corporate capacity of plaintiff (*O'Donnell* v. *City of*

*Butte*, 44 Mont. 97, 119 Pac. 281; *First National Bank* v.
*Smith*, 44 Mont. 305, 119 Pac. 784; *Willoburn Ranch Co.* v.
*Yegen*, 49 Mont. 101, 140 Pac. 231) ; but it has also been held
that the question can be raised by specific denial, and that in
such case it devolves upon plaintiff to prove the allegations of
corporate existence the same as any other issue in the case.
(*Milwaukee Gold E. Co.* v. *Gordon*, 37 Mont. 209, 95 Pac.
995.)   As defendant made specific denial of these particular
allegations, the obligation then rested upon plaintiff to prove
its corporate existence. As no proof whatever was offered
upon this question, the court did not err in granting motion
for nonsuit.

Appellant failed to incorporate in the transcript the judg-
**[2, 3]**   ment entered by the trial court, and contends that on an
appeal from an order overruling motion for new trial it is not
necessary so to include such judgment. Sections 6799 and
7414, Revised Codes, set forth what should be included in the
record on appeal from an order overruling the motion for new
trial, which includes the judgment-roll or such parts thereof as
may be necessary to be considered on the appeal. Section
7115 provides the manner in which it shall be determined what
part of the judgment-roll may be omitted as immaterial.
Under this section, if appellant desires to omit any part of the
judgment-roll, he must present to the supreme court, or a jus-
tice thereof, a copy of the record from which are omitted
those parts thereof which appellant believes to be immaterial,
and thereupon, if it shall appear *prima facie* that the parts
thereof are so immaterial, the court, or justice, shall make an
order allowing such abbreviated record to be served and filed
as the transcript on appeal. Unless such order is procured,
the record on appeal from order overruling motion for new
trial should contain the complete judgment-roll. (*Lisker* v.
*O'Rourke*, 28 Mont. 131, 72 Pac. 755, on rehearing.)

There are other questions involved in the appeal, but as the
order of the trial court must be affirmed by reason of the fail-

ure of proof above mentioned, it is not necessary to consider them.

The order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.

Rehearing denied May 23, 1921.