## AMERICAN SAVINGS BANK & TRUST CO., APPELLANT, *v.* CHAPMAN, RESPONDENT.

(No. 4,435.)

(Submitted September 15, 1921.  Decided November 28, 1921.)

[202 Pac. 385.]

*Pleading—Corporate Capacity—Denial—Sufficiency — Evidence —Judicial Notice—Statutory Laws of Other States.*

Pleading—Corporate Capacity—Denial—Sufficiency.
   1.  While a general denial does not raise the question of plaintiff's corporate capacity, an allegation in the answer denying that defendant has, and averring that he "has not, sufficient information or knowledge to form a belief as to the truth" of plaintiff's averment that it is a duly organized and existing corporation, puts plaintiff upon proof of that fact.

Evidence—Statutory Laws of Other States—Judicial Notice.
   2.  Courts of this state do not take judicial notice of the statutory laws of another state; hence, since certified copies of public records of a foreign state, if admitted in evidence in this state, can be given only such faith and credit as would be given them in the foreign state under its laws, it is incumbent upon the party introducing them to show what the law of that state is in that respect, otherwise the court may disregard them.

*Appeals from District Court, Beaverhead County; William A. Clark, Judge.*

ACTION by the American Savings Bank & Trust Company against Clara Chapman.  From a judgment for defendant and an order denying its motion for a new trial plaintiff appeals.  Affirmed.

Cause submitted on briefs of Counsel.

*Messrs. Norris, Hurd & Collins,* for Appellant.

Plaintiff in its amended complaint alleges its corporate capacity, to which, in her answer, the defendant "denies that she has and alleges that she has not sufficient information or knowledge to form a belief as to the truth of said allegation." That this does not raise an issue with respect to plaintiff's corporate capacity, see *O'Donnell* v. *Butte,* 44 Mont. 97, 119

Pac. 281; *First Nat. Bank* v. *Smith,* 44 Mont. 305, 119 Pac. 784; *Willoburn Ranch Co.* v. *Yegen,* 49 Mont. 101, 140 Pac. 231.

The original certificate of incorporation, together with the certified copy of articles of incorporation introduced by plaintiff, are sufficient to prove plaintiff's corporate capacity, even if denied in defendant's pleading. Since no objection was made to the introduction of plaintiff's exhibits 1A, 2A and 3A, there is no issue as to their competency. In other words, evidence when so admitted, will be given its probative value, if relevant. (17 Cyc. 800; *Langworthy* v. *Coleman,* 18 Nev. 440, 5 Pac. 65; *Mushet* v. *Fox,* 6 Cal. App. 77, 91 Pac. 534; *Jaggar* v. *Plunkett,* 81 Kan. 565, 25 L. R. A. (n. s.) 925, 106 Pac. 280; *Dane* v. *Bennett,* 51 Okl. 684, 152 Pac. 347; *Leonard* v. *Mixon,* 96 Ga. 239, 51 Am. St. Rep. 134, 23 S. E. 80; *Brahe* v. *Kimball,* 7 N. Y. Super. Ct. (5 Sand.) 237; *Sherwood* v. *Sissa,* 5 Nev. 349; *Dalton* v. *Dalton,* 14 Nev. 419, 426; *McCloud* v. *O'Neall,* 16 Cal. 392.)

It is not disputed that plaintiff's exhibit 3A is an original certificate of incorporation. It, therefore, is sufficient to prove plaintiff's incorporation. (Rev. Stats. 1907, sec. 7924, subd. 7.)

*Mr. T. E. Gilbert,* for Respondent.

The only questions presented on this appeal under the pleadings are whether plaintiff must prove its corporate capacity in order to maintain the action, and if so, has it proven its corporate capacity sufficiently to maintain this action.

Appellant insists that the allegation in paragraph 1 of the answer does not raise an issue with respect to plaintiff's corporate capacity. In the case of *Milwaukee Gold Extraction Co.* v. *Gordon,* 37 Mont. 209, 95 Pac. 995, this court had almost this identical language under consideration, and held that such a denial was a substantial compliance with section 6540, Revised Codes.

Appellant also insists that the original certificate, together with a certified copy of articles of incorporation introduced by plaintiff, are sufficient to prove plaintiff's corporate capacity, even if denied in defendant's pleading. To show that this is incorrect, we again refer to the case above cited, at page 220.

Exhibit 2A does not claim or allege that the said original articles of incorporation of the plaintiff are genuine, but says "that apparently the same are of a genuine, valid and subsisting character." Again, the secretary of state does not state that the original articles of incorporation were duly and regularly filed in his office, but states that "said original articles appear to have been duly and regularly filed"; the original articles can have no probative value.

The denial in the answer is not a general denial but is a specific denial in the language of the Code (section 6540, Rev. Codes). If such a denial is not proper, then it is hard to imagine a case where a defendant can raise the question when, as in this case, plaintiff is a foreign corporation and all its records are in another state and are not accessible to defendant.

MR. CHIEF COMMISSIONER POORMAN prepared the opinion for the court.

This is an appeal by plaintiff from a judgment rendered in favor of the defendant by the court sitting without a jury, and also from an order of the court denying plaintiff's motion for a new trial. It is alleged in paragraph I of the complaint that the plaintiff is a corporation duly organized, created and existing under and by virtue of the laws of the state of Washington. It is then alleged that a certain promissory note, executed by defendant, and payable to herself, was duly indorsed and delivered to W. S. Summers, and by him delivered to the plaintiff prior to the time the same became due, that the plaintiff is the owner thereof, and that the same has not been paid.

The defendant in her answer "denies that she has, and alleges that she has not, sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph I of plaintiff's complaint." Defendant further admits signing the instrument alleged in the complaint as a "promissory note," and that she indorsed the same. The answer contains some other denials, and also alleges affirmatively that defendant did not receive any consideration whatever for or on account of the making, executing, or delivery of the instrument set forth in plaintiff's complaint, and designated "promissory note," and that the plaintiff, if it ever took said note, took the same with knowledge thereof. The reply of plaintiff denies the affirmative allegations of the answer.

At the trial of the case plaintiff's witness testified to the indorsement and delivery of the note to the plaintiff prior to maturity, and that the plaintiff did not have any knowledge "of any defect in the title to the note" and that the same had not been paid. Plaintiff further in-[1] troduced in evidence, without objection, a certificate from the secretary of state of the state of Washington to the effect that he was the legal custodian of the records of corporations in that state, and further stating that he is the secretary of state of the state of Washington and the custodian of the seal of said state; that the articles of incorporation of the plaintiff company were duly and regularly filed in his office and that the copy annexed to this latter certificate was a full, true, and correct copy of the articles of incorporation of the plaintiff company. The copy of the articles of incorporation, so certified under the seal of the state of Washington, was then introduced in evidence. Plaintiff also introduced in evidence as his exhibit 3 the original certificate of incorporation by the secretary of state of the state of Washington, which was afterwards withdrawn and a certified copy substituted therefor. This was all of the evidence.

The court thereupon ordered judgment entered in favor of the defendant for her costs. The appellant claims that the court erred in holding that defendant's answer raised an issue as to plaintiff's corporate capacity, and committed further error in holding that the evidence introduced by plaintiff was insufficient to entitle plaintiff to judgment, and that the evidence was insufficient to sustain a judgment for the defendant.

It has been many times decided by this court that a general denial does not raise the question of the corporate capacity of plaintiff (*Minneapolis Threshing Machine Co.* v. *Stanford Merc. Co.*, 59 Mont. 359, 197 Pac. 993), but it has also been decided that a denial in the form contained in the answer herein is "sufficient to put plaintiff upon proof of the fact that it was and is a corporation" (*Milwaukee Gold Extraction Co.* v. *Gordon*, 37 Mont. 209, 215, 95 Pac. 995).

The courts of this state do not take judicial notice of the [2] statutory laws of another state, and it does not appear in this case, either by the pleadings or by the evidence, that a certified copy of a public record would be admitted or received in evidence by the courts of the state of Washington. Such records, if admitted in evidence, can only be given such faith and credit as would be given to them in the state of Washington, and since there was not any effort made to show what the laws of Washington are respecting the use of certified copies of public records, the district court could not give any effect whatever to such evidence. This question was fully considered and discussed by this court, and determined adversely to the contention of the appellant, in *Milwaukee Gold Extraction Co.* v. *Gordon, supra.*

We recommend that the judgment and order appealed from be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

*Affirmed.*