HARVEY E. MACK CO., Respondent, *v.* RYAN, Appellant.

(No. 6,201.)

(Submitted October 24, 1927. Decided November 19, 1927.)

[261 Pac. 283.]

*Claim and Delivery—Automobiles—Conditional Sale Contracts
—Failure to File—Good Faith of Purchaser—Evidence—Ad-
missibility—Foreign Corporations—Articles of Incorporation
—Introduction in Evidence—Essentials—Denial on Informa-
tion and Belief—Directed Verdicts—Motion by Both Parties
—Submission of Case to Jury—Discretion.*

Foreign Corporations—Articles of Incorporation—Admission in Evi-
dence Without Certified Copy of Laws of Home State Error.
   1. Admission in evidence of a certified copy of the articles of
incorporation of a foreign company, though properly certified, was
nevertheless erroneous in the absence of a certified copy of the
laws of the state of its incorporation showing the mode of incor-
poration and the proper custodian of the original, where such com-
pany had never complied with the laws of nor was doing business
in this state.

Same—Pleading—Special Denial of Corporate Existence Puts Plaintiff
upon Proof of Fact.
   2. A special denial of corporate existence puts plaintiff corpora-
tion upon proof of the fact, and a denial upon information and
belief, or lack of information upon which to form a belief upon
the subject, is sufficient for this purpose.

Claim and Delivery—Unfiled Conditional Sale Contract—When Admissi-
ble in Evidence—When not.
   3. Where defendant in a claim and delivery action claims as a
bona fide purchaser, an unfiled conditional sale contract covering
the article is void as to him and is inadmissible in evidence against
him; but where his answer is a general denial and at the time
it is offered in evidence there is nothing to show the nature of
defendant's claim it is admissible, subject to be stricken upon
undisputed testimony that defendant was a bona fide purchaser.

---

   2. Denial in answer on information and belief, when permissible,
see note in 70 Am. Dec. 625. See, also, 21 R. C. L. 457. See 7 R. C. L.
701.
   3. Jurisdiction where conditional sale contracts are required to be
recorded, see note in Ann. Cas. 1916A, 1273. See, also, 24 R. C. L.
465.

[80 Mont. 524.]

**Same—Party Relying on Law of Foreign State must Plead It.**
4.  Where a party relies upon a law of a foreign state he must plead and prove it; if not pleaded it is presumed to be the same as the law of this state on the subject.

**Directed Verdict—Motion by Both Parties—Rule That Case Presents Only Questions of Law not Binding on Trial Court.**
5.  The rule that where both parties to a controversy move for a directed verdict it is an admission by both that the cause presents only questions of law and no issues for submission to the jury is not binding upon the court; if it deems the evidence upon a vital question in conflict and prefers to submit such question to the jury, it may do so.

**Claim and Delivery—Directed Verdict—Motion by Both Parties—When Court may Submit Case to Jury.**
6.  Under the above rule (par. 5), where in a claim and delivery action the question whether defendant was a bona fide purchaser was a vital one, it appearing that he paid less than one-fourth of its admitted value, and had been warned against purchasing it from a stranger, the court properly submitted the question to the jury, though both parties had moved for a directed verdict.

**Same—Failure to File Conditional Sale Contract—Good Faith in Purchaser—Evidence Admissible.**
7.  Where an automobile dealer fails to file a conditional sale contract, permitting the buyer to have possession of it, any facts tending to show good faith on the part of a purchaser thereof in defense to an action in claim and delivery are relevant and material and should be admitted in evidence.

---

[1]  Corporations, 14 **C. J.**, sec. 179, p. 174, n. 89. 14a **C. J.**, sec. 4072, p. 1367, n. 43.
[2]  Corporations, 14a **C. J.**, sec. 2937, p. 825, n. 42; sec. 2942, p. 830, n. 6; sec. 2983, p. 859, n. 7 New.
[3, 4]  File, 25 **C. J.**, sec. 4, p. 1124, n. 3. Sales, 35 **Cyc.**, p. 690, n. 76, p. 709, n. 41 New. Statutes, 36 **Cyc.**, p. 1240, n. 81, p. 1252, n. 93, 96.
[5]  Trial, 38 **Cyc.**, p. 1565, n. 76, p. 1582, n. 67.
[6]  Sales, 35 **Cyc.**, p. 710, n. 48 New.
[7]  Estoppel, 21 **C. J.**, sec. 176, p. 1170, n. 67; sec. 177, p. 1172, n. 77. Sales, 35 **Cyc.**, p. 709, n. 41 New.

*Appeal from District Court, Powell County; George B. Winston, Judge.*

ACTION by the Harvey E. Mack Company against Thomas Ryan. From a judgment for plaintiff, defendant appeals.

4.  Presumption as to law of other state or country, see notes in 21 **L. R. A.** 471; 67 **L. R. A.** 33. See, also, 25 **R. C. L.** 948. Presumption of similarity of foreign statutes to those of domestic forum, see note in 1 **Ann. Cas.** 459.

5.  Effect of request by both parties for direction of verdict, see notes in 6 **Ann. Cas.** 545; 13 **Ann. Cas.** 372; **Ann. Cas.** 1913C, 1342. See, also, 26 **R. C. L.** 1080.

Reversed and remanded, with direction to grant defendant a new trial.

*Mr. W. E. Keeley,* for Appellant, submitted an original and a reply brief and argued the cause orally.

*Mr. J. B. C. Knight,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS, delivered the opinion of the court.

Appeal by the defendant, Thomas E. Ryan, from a judgment in favor of the plaintiff, Harvey E. Mack Company, a corporation, in an action in claim and delivery, involving the ownership of an automobile.

The complaint herein alleges that the plaintiff is a Minnesota corporation, and the owner of a certain automobile, particularly described, of the value of $750; that the automobile is in the possession of the defendant, who wrongfully withholds it, and has refused to deliver it to plaintiff on proper demand made. The usual affidavit and undertaking were filed, and the automobile was taken from the possession of the defendant by the sheriff.

By answer the defendant denied, on information and belief, that plaintiff was a corporation as alleged, admitted his possession of the automobile and denied generally all other allegations of the complaint.

The cause was tried to the court and jury. At the outset defendant objected to the introduction of any testimony on the ground that the complaint did not state a cause of action, which objection was overruled. The only witness giving material testimony for the plaintiff was one Roger B. Taney, who stated that he was the vice-president of the corporation plaintiff. Defendant moved to strike the statement that the plaintiff was a corporation, which motion was denied by the court with the statement that, if the plaintiff was not proven to be a corpo-

ration, it would strike the statement. The witness produced a copy of the certificate of incorporation, showing its filing in the office of the secretary of state of Minnesota, with the certificate of the secretary of state as to its authenticity, and the certificate of true copy made by the register of deeds of Hennepin county, the certificate of a justice of the supreme court that the party signing as secretary of state was in fact such officer and that the certificate and attestation is in due form, and the articles are duly certified by the person having the legal custody of the original; certificate of the clerk of the supreme court that the justice was such officer; a certificate of the judge of the district court of Hennepin county that the party signing the certificate as register of deeds was such officer and the signature genuine; the certificate of the clerk of the district court that the party signing the last-named certificate was the judge of the court; and an affidavit of publication of the articles of incorporation. The instrument was offered in evidence and admitted over the objection of defendant.

The witness then testified that the plaintiff was a dealer in automobiles in Minneapolis, new and second hand; that the automobile in question was sold to one Leo J. La Bonte on August 1, 1925, on conditional sales contract, which was signed in the presence of the witness, the purchase price being $809.25, of which the purchaser was to pay $325 down and the balance in installments; that La Bonte gave his check for the down payment on signing the contract, and left with the car; that the check was returned, as La Bonte had no funds in the bank on which it was drawn, and a search for the car disclosed it at Deer Lodge, in the possession of defendant. Thereupon plaintiff offered the conditional sales contract in evidence, to which offer defendant objected on the ground that it was not shown that the contract had ever been filed in Minnesota, and that, in the absence of a pleading of the laws of Minnesota, they must be considered as the same as ours. The objection was overruled and the contract admitted. The witness then

testified that the car was owned by the plaintiff, and that it never parted with its title thereto.

The defendant admitted the demand upon him and the value of the car. Plaintiff then rested. Defendant then moved to strike the articles of incorporation and the contract, which motion was denied, whereupon defendant moved for judgment of nonsuit. This motion the court also overruled, stating that some of the matters urged were worthy of consideration, but that they could be presented on motion for a directed verdict.

Defendant then showed that La Bonte, going under the name of Leonard Brown, worked for his parents for a period of seventeen days in August, 1925, coming to the ranch in the car in question, and having with him his wife and small child; that he was hard up and defendant advanced him $32 to get his wife's clothing from a rooming-house and $30 for repairs on the car; that La Bonte, or Brown, tried to sell the car to defendant's mother and father and to a neighbor, and, on leaving, La Bonte desired to get $100 from defendant on the car; he referred to it as a loan, but his wife objected, and defendant offered to purchase the car for $100, in addition to the $62 advanced, and La Bonte agreed to sell at that figure; that the two went to the office of an attorney and had a bill of sale drawn, which was delivered to defendant, whereupon he paid La Bonte the sum of $100. Defendant stated that he knew he was getting the car for considerably less than it was worth, but would not have otherwise purchased it.

The car carried a Montana license plate and, before purchasing, defendant ascertained that it was duly registered under the name of Leonard Brown. The application for registration was produced; it showed that the car was registered August 10, 1925, from Billings, and that "Leonard Brown" made affidavit that he was the owner thereof. The defendant admitted that one Boon, from whom he borrowed the $100 on the day of the purchase, questioned him concerning ownership of the car, and cautioned him against buying it.

[80 Mont. 524.]

At the close of all of the evidence each party moved for a directed verdict. The court overruled each motion, and, without request from either party that the matter be submitted to the jury, proceeded to settle instructions offered by both parties, and submitted the matter to the jury. The jury found for plaintiff and returned a verdict in the usual form in claim and delivery cases, and, in addition to a return of the car, rendered verdict for $1 damages to plaintiff, and closed their verdict with the direction that the parties divide the costs of suit. On the verdict the court rendered and entered judgment for the return of the car, for the $1 damages, and for costs in favor of plaintiff. Defendant moved for a new trial, which motion was denied.

1. The first contention of defendant is that the court erred in [1] admitting the certified copy of the plaintiff's articles of incorporation, as the instrument was not accompanied by a certified copy of the laws of Minnesota relative to incorporation, and therefore again erred in refusing to strike those articles as an exhibit. Counsel for plaintiff asserts that the articles were properly admitted, inasmuch as the provisions of subdivision 7 of section 10568, Revised Codes of 1921, were strictly followed in securing the certification of the copy presented, and relics upon the decision of *Knapp, Burrell & Co.* v. *Strand,* 4 Wash. 686, 30 Pac. 1063, in support of this contention.

This contention has already been disposed of by this court. In *Milwaukee Gold Extraction Co.* v. *Gordon,* 37 Mont. 209, 95 Pac. 995, the above statute, then existing as section 3206 of the Code of Civil Procedure of 1907, was considered in this connection, and it is there said that, while no error was committed in excluding the instant certified copy of articles of incorporation for the reason that the statute had not been fully complied with, "if the attestation had been in due form, the trial court could not be put in error for excluding the paper; for, standing alone, it was insufficient. * * * It may be said to be a rule, recognized by the courts generally, that in order to make proof of the corporate existence of a foreign corpo-

ration, it is requisite that in addition to the properly authenticated paper there must be evidence to show the laws of the foreign state authorizing the organization of such a corporation, providing the mode of its incorporation and the proper custodians of the paper offered in evidence.'' The court there considered the Washington case cited by counsel, and declared ''that case was decided upon a particular provision of the statute of Washington, and is not applicable here, where we have no such statute.'' The provision referred to is found in the Washington statute providing that a foreign corporation may do business in the state by filing and causing to be recorded in the office of the secretary of state a certified copy of its articles of incorporation, certified by the proper custodian according to the laws of the state of its existence, and attested by such officer under his hand and seal of office, ''which attestation shall be prima facie proof of the facts therein stated.'' We then had a like provision as to the procedure by which a foreign corporation might prepare for doing business in this state (sec. 4413, Rev. Codes 1907), but the quoted clause in the Washington statute, or its equivalent, does not appear therein. Section 4413, above, now appears, with amendments not important here, as section 6651 of the Revised Codes of 1921.

In 1909, after the decision in *Milwaukee Gold Extraction Co.* v. *Gordon,* our legislature enacted what is now section 5914, Revised Codes 1921, providing that ''a certificate issued by such secretary [of state] or state auditor, setting forth that any corporation, domestic or foreign, has filed its Articles of Incorporation in his office as required by law, shall be admitted in evidence in all courts of this state, and shall be prima facie evidence of the corporate character and capacity of such corporation and of its right to transact business in this state, excepting in an action prosecuted by the state in the nature of a quo warranto proceeding.'' This is the nearest we have come to adopting a provision similar to the Washington statute; but it will be noted that this later section refers only

to those corporations which have complied with the laws of this state and received a certificate to that effect, and it is only the certificate of the secretary of state or auditor which is made prima facie evidence of corporate existence.

The Washington case was one in which the corporation under consideration was evidently doing business in the state, and, in the absence of a provision such as ours for the issuance of a certificate of incorporation, it was held that the certified copy of the articles of incorporation, filed in the office of the secretary of state, was sufficient, coupled with the suggestion that the defendant, having done business with the corporation, and issued and delivered to it his promissory note, might be estopped to deny its corporate existence.

In *Billings Realty Co.* v. *Big Ditch Co.*, 43 Mont. 251, 115 Pac. 828, it is held, in effect, that Chapter 94 of the Laws of 1909, now section 5914, Revised Codes of 1921, is not an exclusive method of proving corporate existence and applies only to those corporations contemplated by the terms of the Act: corporations to which certificates of incorporation have been issued.

Here the corporation plaintiff had never complied with the laws of this state; it was not doing business in this state; the defendant had not transacted business with it either in this state or in Minnesota, and there is nothing either in section 5914 above, or in the decision of the Washington court, in the light of legislation subsequent to the decision in *Milwaukee Gold Extraction Co.* v. *Gordon,* to militate against the rule declared in this decision.

The rule may be considered extremely technical, but sound reason and abundant authority therefore are given by the eminent jurist, the late Mr. Justice Holloway, for the conclusion reached, and, if relief from that rule is to be accorded foreign corporations suing in our courts, it must come from the legislature, and not from the courts.

2. A special denial of corporate existence puts plaintiff upon
[2]   proof of the fact (*Minneapolis Threshing Mach. Co.* v.

*Stanford M. Co.,* 59 Mont. 359, 197 Pac. 993; *Milwaukee Gold
Extraction Co.* v. *Gordon,* above), and a denial upon informa-
tion and belief, or lack of information on which to form a be-
lief on the subject, is sufficient for this purpose (*American
Savings Bank & Trust Co.* v. *Chapman,* 61 Mont. 408, 202 Pac.
385).

As the plaintiff failed to prove an essential element of its
cause of action, its very existence and right to sue, the court
erred in denying defendant's motions for a judgment of non-
suit and for a directed verdict.

3. It is next contended that the court erred in admitting
[3, 4] the conditional sales contract. Section 7594, Revised
Codes 1921, provides that such a contract made in this state
must be filed in the office of the clerk and recorder of the
county in which the property involved is situated; otherwise it
is void as to bona fide purchasers, mortgagees or attaching
creditors, and we presume the law in Minnesota is the same.
(*State ex rel. Rankin* v. *American Bank & Trust Co.,* 76 Mont.
445, 247 Pac. 336.)

Counsel for plaintiff contends that the contract was in fact
filed, as it bears on its reverse side the legend imprinted by a
stamping machine, the number 979870, and the words, "Filed
Office of City Clerk Minneapolis, Minn. Aug. 24 P. M. 4:38.
———, City Clerk."

The instrument contains two indicia that it was not filed:
First, it purports to be the original, and, if the original was
filed, it would not have been available on the trial; second, the
city clerk did not sign the filing mark placed on the instru-
ment, and, as an official, his official act could only be evidenced
by his signature.

Again, if the plaintiff relied upon the law of Minnesota,
differing from ours, as it must, if such an instrument might be
filed with the city clerk, it was required to plead and prove the
law of Minnesota. (Secs. 10551, 10552, Rev. Codes 1921; *Gun-
der* v. *Huggans,* 71 Mont. 449, 233 Pac. 901; *Ridpath* v. *Heller,*
46 Mont. 586, 129 Pac. 1054.)

If, then, the defendant was a bona fide purchaser of the automobile the unfiled sales contract was void as to him and his title would be unassailable. (*Cuerth* v. *Arbogast*, 48 Mont. 209, 136 Pac. 383; *Billings Hardware Co.* v. *Bryan*, 63 Mont. 14, 206 Pac. 418.) Where the trial has progressed to a stage where such a condition has been shown, an unfiled conditional sales contract is inadmissible. (*Doering* v. *Selby*, 75 Mont. 416, 244 Pac. 485.)

Here, however, no intimation is found in the record as to what might be the defendant's claim to the automobile. His answer, except as to the corporate existence of the plaintiff, was a general denial, and he had not yet been called upon to introduce any testimony. The contract was good as between the parties thereto (*Doering* v. *Selby*, above), and was equally good as between the seller and any person acquiring possession of the automobile in any other manner than as a bona fide purchaser, a mortgagee or an attaching creditor.

The contract was therefore admissible in evidence at the time it was offered. If it was thereafter shown by undisputed testimony that the defendant was a bona fide purchaser the contract could have been stricken on motion or the matter disposed of on motion for a directed verdict. On the other hand, if at the close of the case the question as to whether the defendant was a bona fide purchaser was in doubt under the evidence adduced, the court could, as it did, properly instruct the jury on the subject. No error was committed in admitting the contract in evidence.

4. Counsel for the defendant contends that the court erred [5] in submitting the cause to the jury after both plaintiff and defendant had moved for a directed verdict. It is true that, where both sides to a controversy move for a directed verdict, and neither thereafter requests that any of the issues be submitted to the jury, such action amounts to a demurrer to the evidence—an admission on the part of each that there is no controverted fact in the evidence and agreement that the cause presents questions of law only. (*Anderson* v. *Border*, 75 Mont.

516, 244 Pac. 494; *Stiemke* v. *Jankovich,* 72 Mont. 363, 233
Pac. 904; *Midland Motor Co.* v. *Norwich Union Ins. Co.,* 72
Mont. 583, 234 Pac. 482.) However, this action is not binding
upon the trial court, if, deeming the evidence upon a vital
question in conflict, it prefers the jury's judgment by way of
a special finding upon the question in dispute, or prefers to
have the jury return a general verdict in the cause. (*Hollingsworth* v. *Ruckman,* 72 Mont. 147, 232 Pac. 180; *Fifty
Associates* v. *Quigley,* 56 Mont. 348, 185 Pac. 155.) By permitting the jury to find a general verdict upon the evidence,
the court followed "the usual practice" under such circumstances. (*Sigua Iron Co.* v. *Greene,* 59 U. S. App. 555, 88
Fed. 207, 31 C. C. A. 477.) There is no error in sending a
cause to a jury as long as the facts admit of opposing inferences. (*Rawson* v. *Leggett,* 97 App. Div. 416, 90 N. Y. Supp.
5, reversed on other grounds, 184 N. Y. 504, 77 N. E. 662.)

The question as to whether or not defendant was a bona fide
[6] purchaser was a vital one. He paid less than a fourth
of the admitted value of the automobile, and, while this fact
would not necessarily destroy the bona fides of his purchase,
it became a question for determination by a jury under proper
instructions of the court. (*Werner, Mosiman & Co.* v. *Winzer,*
109 Kan. 647, 202 Pac. 80.) Again, the fact that defendant
was cautioned against purchasing the car from a stranger before the transaction was completed might have weight in determining his bona fides. The court might have determined
these matters, under the circumstances, but we cannot say that,
in refusing to do so, error was committed.

Each party to such an action as this has a constitutional
right to a trial by jury. If, then, when each party moves for
a directed verdict, and the court denies each motion, and
thereupon proceeds to discharge the jury and determine the
case as upon questions of law alone, such action amounts to a
deprivation of that right and the assessment of a penalty for
making the motions. (*Beutell* v. *Magone,* 157 U. S. 154, 39
L. Ed. 654, 15 Sup. Ct. Rep. 566 [see, also, Rose's U. S. Notes].)

Where a trial court has failed to assess such a penalty, any reasonable ground therefor should be held sufficient to uphold such action.

5. The defendant asserts that the court erred in excluding [7] certain evidence tending to show the good faith of the defendant in purchasing the automobile. The testimony referred to concerned efforts made to discover whether the seller had title to the car, and his attempts to sell it to others. Much of the testimony got into the record during the trial, and we cannot say that reversible error was committed in this regard; but, as the case must go back for a new trial, we desire to call the trial court's attention to what we deem its erroneous theory as to the admissibility of such testimony.

Defendant's counsel was interrupted in making his opening statement to the jury when he said, "We will show you that, before purchasing this automobile, the defendant in this action and his mother investigated—;" the judge stated that he saw no harm in telling the jury what was done, but intimated that testimony along the line indicated would serve no useful purpose, saying, "Of course, the question is the ownership of this car—that is the thing." Asked if the defendant would be precluded from making such a showing, the judge replied, "I do not think that makes any difference."

While "it is a general rule as regards personal property that title, like a stream, cannot rise higher than its source," where the true owner holds out another, or allows him to appear, as the owner of, or having full power of disposition over, property, and an innocent third person is thus led into dealing with such apparent owner, such third party will be protected, and his right does not depend upon ownership in his vendor, but is derived from the acts of the true owner, under the rule that, "where one of two innocent persons must suffer by the act of a third, he, by whose negligence it happened, must be the sufferer." (Sec. 8772, Rev. Codes 1921; 24 R. C. L., secs. 662 and 665.)

Our section 7594 is the outgrowth of the above rules, and protects a bona fide purchaser of personal property from one who has no title thereto, when the true owner permits the seller to conduct himself as the owner of the property by his negligence in failing to file the conditional sales contract; and, therefore, if it is found that such was the situation in this case, facts tending to show good faith on the part of the purchaser would be relevant and material, and should be admitted.

6. No error is predicated upon the giving or refusal of instructions, and our examination of the record discloses that the court, in spite of its declaration above, properly instructed the jury on the rights of a bona fide purchaser. Defendant contends that the verdict and judgment are against law, in that the jury disregarded those instructions, but, as the cause must be remanded for a new trial, the verdict is immaterial, and we need not now consider this assignment.

The judgment is reversed and the cause remanded to the district court of Powell county, with direction to grant defendant a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and GALEN concur.