## SNIDER v DAYTON POWER & LIGHT CO

Ohio Appeals, 2nd Dist, Preble Co

No 94. Decided Jun 18, 1938

McMahon, Corwin, Landis & Markham, Dayton, for defendant-appellee, for the application.

Burke & Burke, Hamilton, for plaintiff-appellant, contra the application.

## OPINION

### By HORNBECK, J.

The action was for damages resulting from personal injuries sustained by plaintiff in a collision between a Plymouth automobile which he was driving and a tractor truck driven by an employee of defendant. The accident occurred on April 17, 1934 at about one o'clock P. M. on the Camden Gratis Pike. Plaintiff was moving eastwardly and defendant's truck was moving in a westwardly direction. It is testified that the tractor truck and trailer with load was one hundred feet in length and ninety-eight inches in width and carried telephone poles. The improved portion of the road at and near the place of the collision had a minimum width of fifteen feet and a maximum width of fifteen feet six inches.

The specifications of negligence against the defendant were that it operated the truck and trailer with load without the written permission of the surveyor of Preble County, Ohio; that it operated it on the south or defendant's left side of said highway; that it failed to pass plaintiff's automobile to its right; that it operated a truck ninety-eight inches in width, contrary to law. Plaintiff further avers that in order to avoid a collision with defendant's tractor truck and trailer he drove his Plymouth automobile to his right; that his automobile left the improved portion of the highway, the right wheels thereof going into the ditch, overturning the automobile and injuring the plaintiff in the particulars set forth.

The answer is a general denial of all specifications of negligence, denial that it was necessary for plaintiff to drive his automobile off the paved portion of the highway to pass defendant's truck and an averment that plaintiff's injury was caused by his sole negligence in operating his automobile at a high and dangerous rate of speed, namely in excess of fifty miles per hour and in the center of the highway and over a knoll or rise in the highway, which was so formed as to shut off plaintiff's view of vehicles approaching from the opposite direction until just before the top of the knoll was reached and that plaintiff was operating his automobile at a rate of speed greater than would enable him to bring it to a stop within the assured clear distance ahead.

The reply was a denial of the affirmative averments of the answer.

The plaintiff requested the court to give seven special charges before argument, five of which were given. Defendant requested eight special charges. The court gave six of them.

The cause was tried to a jury and at the conclusion of the whole case both parties moved the court for a directed verdict. Notwithstanding, the court submitted the cause to the jury, which returned a verdict for the defendant. The jury also answered a special interrogatory which was returned with the general verdict, namely: "Could the plaintiff, in the exercise of ordinary care for his own safety have seen the truck with the defendant in time, in the exercise of ordinary care, to bring his automobile to a stop and to have avoided the accident?"

The answer to this interrogatory was "Yes."

Motion for new trial was interposed, overruled and judgment entered on the verdict. An appeal on questions of law is prosecuted.

The motion for new trial consisted of seven grounds which is expanded on appeal to ten assignments of error:

1. Error in admission of evidence.
2. Error in general charge to the jury.
3. Refusal to charge as requested by appellant.
4. Giving certain special charges requested by appellee.
5. Taking from the jury consideration of the length and width of appellee's truck.
6. Misconduct of appellee's counsel in examination of witnesses and argument to the jury.
7. Failure of the trial judge to take the case from the consideration of the jury.
8. Other prejudicial errors on the face of the record.
9. Verdict not sustained by weight of evidence.
10. Error in overruling motion of appellant for new trial.

We first consider an important assignment of error, No. 7:

Refusal of the trial judge to take the case from the consideration of the jury after the motion of both parties for a directed verdict pended before him.

The record discloses that at the conclusion of the plaintiff's case counsel for the defendant moved the court to direct the jury to return a verdict for the defendant. At the conclusion of the whole case

the record, at page 128, discloses the following, after both parties had rested:

"Mr. Ferguson: Let the record show the same motion is made at this time as was made at the close of plaintiff's case asking the court to direct a verdict.

(Court's Note).

Thereupon, without the hearing of the jury and without the hearing of the court reporter counsel for plaintiff announced to the court that he desired to and did make a motion for a directed verdict on behalf of plaintiff. Whereupon the jury was recessed and the court and counsel retired to the library, and, still without the hearing of the jury and the court reporter, said motions were argued; thereupon the court announced both motions would be overruled and the case would be submitted to the jury. Counsel for both plaintiff and defendant excepted to the ruling, plaintiff's counsel contending that by the filing of like motions by defendant and plaintiff for a directed verdict the case should be determined by the court. Thereupon court was reconvened.

The Court: The motion will be overruled.

Mr. Ferguson: Note our exceptions.

Mr. Burke: Let the record show the plaintiff joins in a motion for the court to direct a verdict in favor of the plaintiff.

The Court: The motion will be overruled.

Mr. Burke: To which ruling counsel for plaintiff excepts."

Thereafter the court gave the jury the usual admonition upon separation and after a short recess resumed the trial of the case, gave certain special charges before argument, requested by the parties, and after arguments charged the jury generally, submitted at the request of counsel for the defendant a special interrogatory to the jury, which the jury answered and returned with its general verdict. Thereafter and within three days, motion for new trial was filed by plaintiff, setting forth seven assignments of error, one of which was the assignment which we are now considering and another that the verdict was not sustained by the weight of the evidence. The trial judge, insofar as the record discloses, considered the motion for a new trial in all particulars, as though the jury had not been waived, and entered judgment on the verdict. This action on the motions to direct verdicts is assigned as error.

There is no doubt that the trial judge had the right to submit any and all factual issues to the jury for its determination in an advisory capacity. The record discloses unequivocal purpose on the part of counsel for both parties to waive the jury and submit the whole case both upon facts and law to the trial judge.

The judge was thus vested with all the authority of the jury had it not been weighed.

The obligation of a judge acting as a jury in weighing the evidence is different than his obligation in weighing that evidence on a motion for new trial. In the first instance he weighs the evidence, determines credibility of witnesses and makes original decision upon that determination. In the second instance he only weighs the evidence to determine whether or not the jury within in its province so considered, interpreted and determined the evidence against the manifest weight thereof.

The court very properly may have overruled a motion for new trial, holding that the verdict was not against the manifest weight of the evidence, though he would have made different determination if he were passing on the questions of fact as a tryer of the facts.

The question of the obligation of the trial judge to accept the responsibility and obligation enjoined upon him when both parties irrevocably move for a directed verdict is new in Ohio. The Ohio cases are: **First National Bank v Hayes & Sons, 64 Oh St 100; Perkins v Commissioners, 88 Oh St 495; Nead v Hershman, 103 Oh St 12; P. C. C. & St. L. Ry. Co. v Luthy, 112 Oh St 321.**

An examination of the cases elsewhere discloses that there are few to be found on the subject in any jurisdiction except the State of Oregon where, strangely, there are many available authorities. They are to effect that when at the conclusion of the whole case both parties without reservation move for a directed verdict, it is the obligation of the trial judge to make determination of the case both on the law and the facts and to direct the jury accordingly. But they go further and hold that notwithstanding this obligation of the trial judge, if he submits the case to the jury without direction its verdict can only be set aside if there is not substantial evidence to support it. The rationale of the opinion is that the judge, if the motion for new trial is overruled, by indirection accepts as his own the finding of facts of the jury as represented by the verdict.

It seems that it is the practice in Oregon, when motions for directed verdicts

simultaneously pend and the court acts upon them by determining both the facts and the law, to hold the jury and instruct them and to receive a verdict actually signed by the jury. This differs from our practice in that when the judge elects to pass on the motions the jury is properly discharged and he exercises all functions of jury and judge.

The cases which we have examined are:

Wilson et v U. S. Lumber & Box Co., (Ore.) 1923, 215 Pac. 491.

Milling Co. v Bank, (Ore.) 216 Pac. 560.

Banfield et v Crispen et, (Org.), 1924, 226 Pac. 235.

Hudelson et v Sanders-Swafford Co., (Ore.). 1924, 227 Pac. 310.

Knief v Lang (Neb.), 217 NW 615.

Phipps v Stancliff (Ore.), 1926, 245 Pac. 508.

Wherein it is expressly held that:

"Submission of cause to jury is not error, though both parties move for a directed verdict."

Jaloff v United Auto Indemnity Exchange et (Ore.) 1926, 250 Pac. 717.

Mack Co. v Ryan, (Mont.) 1927, 261 Pac. 283-287.

This decision is not exactly in point because the trial judge accepted special findings of the jury on questions of fact, which he adopted.

The basis for the decision of the cases does not seem to us to be thoroughly sound, inasmuch as the judge does not, upon a motion for new trial, make original determination of the facts. However, we are of opinion that though a judge has the authority, when both parties move for a directed verdict without reservation, to determine both the facts and the law, he should not be compelled so to do and if he by express statement or implied conduct refuses to determine the facts, the parties cannot object. In fact there is much to recommend the procedure adopted by the trial court in the instant case. In view of the state of decision in Ohio, though the parties by simultaneously moving for a directed verdict invoked the opinion and decision of the tral judge on the facts, they in no wise are bound by this decision but may also require a verdict of the jury.

The theory upon which both parties move for a directed verdict is that each insists that as a matter of law he is entitled to the direction of a verdict. It would be logical if the action of the trial court upon these motions was only to determine whether or not, as a matter of law, either party was entitled to have his motion sustained. An overruling of both motions would merely be the conclusion of the trial judge that there was factual issue for determination by the jury. It does not appeal to one's sense of fair play to permit either party to have two chances at securing a favorable determination of the issues on the facts.

First and sixth assignments; error in admission of evidence offered by defendant and misconduct of defendant's counsel in the examination of witnesses and in argument to the jury.

Attention is directed to the following portions of the record: Page 118, plaintiff on rebuttal, cross examination by counsel for defendant:

"Q. John Dye did have your case at one time?

Mr. Burke: I object.

Q. Before the Burkes got it, didn't he?

Mr. Burke: I object.

Mr. Ferguson: To see whether he was out there with Mr. Dye.

"The Court: : I think he may answer, Mr. Burke.

Mr. Burke: Note our exceptions."

Same witness, cross examination, page 123:

"Q. (Mr. Ferguson) You knew Harold Snider had referred this case to John Dye and John Dye had refused to go ahead with the case, didn't he?

Objected to by plaintiff's counsel.

The Court: Objection sustained."

And at page 46, plaintiff testifying in chief, cross examination by Mr. Ferguson:

"Q. And you say you turned it over, you have known Mr. Burke a long time and you turned it over to him, that correct?

A. Yes, sir.

Q. You didn't turn it over to him originally though, did you?

Objected to by counsel for plaintiff.

The Court: Objection sustained.

Q. In fact, you turned it over to Mr. John Dye, didn't you?

Mr. Burke: I object to this line of questioning, there is only one purpose.

The Court: Objection sustained.

Mr. Burke: I ask that counsel be warned to refrain from that line of questions.

The Court: I cannot control the ques-

tions; they have a right to ask that for the purpose of the record."

And at page 145, argument of Mr. Ferguson to the jury:

"The evidence is that John Dye had this case at one time and did nothing about it.

Mr. Burke: I object; there is no evidence of that.

The Court: The jury, of course, is bound to remember the evidence and are charged with that duty and any mis-statement by counsel as to the evidence would be ignored by the jury.

I presume, Mr. Ferguson, that there was some mention—

Mr. Ferguson: Yes, I understand there is mention made in the evidence, and if there is no evidence I say there are plenty of good attorneys in this town and there would have been no necessity of going to Cincinnati to employ counsel."

It is urged that this line of questioning and argument was improper and prejudicial to plaintiff's cause and that the court should have admonished counsel to desist from further questioning respecting the subject matter heretofore set forth and to prevent mention thereof in argument. There is nothing erroneous in the admission of the testimony to the first question heretofore set forth, inasmuch as it must be assumed that counsel was in good faith in his statement of the purpose for which the question was propounded. There is, however, no basis, nor reason whatever for the other questions propounded to the witness, nor for the statement to the jury in argument. The impropriety of this line of questioning and argument is obvious. The court very properly refused to permit the witness to answer the questions but should have immediately instructed counsel to desist from that line of interrogation and discussion in argument. Plaintiff had a right to counsel whomsoever he cared to employ and any innuendo that because local counsel would not accept employment there was something inherently weak in his case, was a matter which should not have been permitted to go to the jury in any form.

The Supreme Court in many opinions has held that it is the obligation of the trial judge, on his own motion if necessary to prevent misconduct of counsel intervening to the prejudice of either party's cause and a failure so to do is not only erroneous but prejudicially erroneous **Hayes v Smith, 62 Oh St 161; Machaterre, a minor v Dusha et, 30 Oh Ap 242; Thatcher v R. R. Company, 33 Oh Ap 242.** If this error stood alone, we would not reverse the judgment.

Second and fourth assignments of error: Error in the general charge and in special charge No. 6, given before argument at the request of counsel for defendant.

Special charge No. 6:

"I charge you that in addition to establishing negligence on the part of the defendant it must not appear from the plaintiff's evidence that the plaintiff was himself guilty of negligence which proximately contributed to his injury; and if the plaintiff has, in making out or putting in his case, produced such testimony, that from it an inference fairly arises that he was guilty of negligence, then the burden is upon the plaintiff to remove that inference, and if the plaintiff does not remove such inference, then the plaintiff cannot recover in this law suit, and your verdict must be for the defendant."

The court likewise in the general charge said to the jury,

"However, should plaintiff produce evidence from which evidence an inference fairly arises that he was guilty of negligence, then the burden becomes his to remove that inference by evidence."

It is urged that the proposition set forth in the special charge and in the general charge is not the law but that the burden on the plaintiff, if from his own evidence an inference may fairly arise that he was negligent, is to produce evidence which counter-balances the inference of negligence. **Tresise v Ashdown, 118 Oh St 307; Smith v Lopa, 123 Oh St 213; Obrecht v Tallentire, 43 Oh Ap 376; Smith v Thoms, 55 Oh Ap 175.** Contra counsel for defendant say that the special and general charges are correct, following **B. & O. Ry. Co. v Whitacre, 35 Oh St 627,** which it is urged has not been overruled and has been specifically approved in the case of **Valencie v Akron & Barberton Belt Co., 133 Oh St 287.**

The special charge was definitely erroneous in one particular: 1. It did not fully define the burden of proof upon the plaintiff as to contributory negligence. The second proposition of the syllabus of **Tresise v Ashdown,** supra, is the law:

"An instruction in such case that if the proof adduced in behalf of the plaintiff is of such character as to raise a presumption of negligence upon his part the burden rests upon the plaintiff to remove such presumption by a preponderance of the evidence places an unwarranted burden upon the plaintiff and constitutes prejudicial error. He is only required to produce evidence sufficient to counterbalance the evidence giving rise to the presumption; it need not over-balance or outweigh it."

It is claimed that the charges are not objectionable because they do not include the statement as in Tresise v Ashdown that the burden was upon the plaintiff to remove such presumption ·by a preponderance of the evidence.

It is true that the Supreme Court quite recently has commented favorably upon the rule announced in B. & O. Ry. Co. v Whitacre, supra, but that observation goes to the proposition that the plaintiff must remove the inference but does not qualify the burden which is essential to accomplish that removal, as defined in Tresise v Ashdown.

But if the special charge is not prejudicially erroneous in the particular just discussed, there is another and more apparent error, namely, this language:

"And if the plaintiff does not remove such inference, then the plaintiff cannot recover in this law suit, * * *." The inference in which reference is made is not an inference of contributory negligence but the mere inference of negligence. Negligence alone of the plaintiff is not sufficient to bar his recovery. It must be a contributing cause of his injury. This part of the special charge gives no consideration whatever to the essential that plaintiff's negligence, if found, must proximately contribute to his injury but prevents his recovery when and if he fails to remove the inference of negligence only. This special charge was clearly erroneous in the second particular.

At no place in the general charge was the jury instructed that the burden of proving contributory negligence was upon the defendant. This omission, inadvertent, no doubt, tended to make the error in the special charge more prejudicial. The court having undertaken to charge on contributory negligence and the burden with re-

spect thereto was required to charge completely and correctly.

Under assignment No. 8 further objection is made to the court's charge under the "assured clear distance ahead" portion of §12603 GC. We find no prejudicial error in the court's charge under this assignment of error. We have recently expressed ourselves fully as to the application of the assured clear distance ahead provision of §12603 GC to operators of automobiles as they are approaching and moving, over the brow of a hill. **Charles Edward Hangen, a minor v William Hadfield, Ohio Law Reporter, May 9, 1938, 11 Ohio Opinions 175;** motion to certify allowed, Ohio Bar May 9, 1938, page 102. Counsel and the trial court will have the benefit before the next trial, of an expression of the Supreme Court upon the law of assured clear distance ahead in the particular involved in this case.

Some attention is given in the brief of counsel for appellant to the refusal of the court to submit to the jury as a charge of negligence the operation of the truck and trailer without the written permission of the surveyor of Preble County, Ohio, and in violation of §7248-2 GC.

It is testified by witnesses for the plaintiff that the truck with trailer from the front bumper to the end of the load was one hundred feet or more in length and that the width of the truck was ninety-eight inches.

Sec 7248-2 GC makes it an offense to operate a vehicle upon the public highway whose width is greater than ninety-six inches, or to operate any commercial tractor and semi-trailer in combination of a greater length than forty feet, including load, and "no other combination of vehicles coupled together shall be so operated whose total length, including load, shall be greater than sixty feet."

There is a proviso whereby certain vehicles owned and in use on April 1, 1933 may operate in combination to a total length, including load, of 70 feet and "provided that in special cases vehicles whose dimensions exceed the foregoing may operate under a written permit" granted by the county surveyor of the county in which the load is to be transported. The section further provides that it shall not apply to "vehicles engaged in the transportation of poles to the place of installation from the nearest practicable loading place."

This question is not discussed in the brief of counsel for appellee but at the trial it

was suggested that the proof on behalf of plaintiff did not disclose that the vehicle operated by the defendant was not engaged in the transportation of poles to the place of installation from the nearest practicable loading place and therefore the section did not have application. It is ▮▮▮ our judgment that if the defendant claims that the section does not have application to its operation of its vehicle it should produce this evidence and that the burden is not upon the plaintiff to prove that the defendant comes within the exception.

It was the theory of plaintiff that the operation of the tractor and trailer by defendant at the time and place of the accident was a violation of §7248-2 GC and therefore negligence in itself. It was urged that inasmuch as the road at and near the place where the accident occurred, being of the width of fifteen feet or fifteen feet, six inches, and so narrow that the operation of vehicles in combination of a width of ninety-eight inches would render it probable that the vehicles were not within the defendant's right side of the highway but extended over and onto its left side of said road. Our attention is not directed to a case involving a charge of negligence predicated upon a violation of §7248-2 GC, nor have we found any upon our own investigation.

It is probable that some of the sections cognate to §7248-2 GC are intended to prevent undue wear upon the public highways and only indirectly affect the public safety. However, §7249 GC regulating the speed at which commercial cars shall be operated on the highways has been held to be a safety measure, a violation of which is negligence per se. **Davies v Marshall, 37 L.R. 514.** §7248-2 GC in purpose not only protects the highways but likewise tends to insure greater safety to the public in their use. The movement over a highway of an object which is wider than one-half of the road obviously may be a hazard to the uninterrupted flow of traffic. The statute contemplates that this only may be done under permit in writing issued by the surveyor of a county and subject to the terms imposed by him upon such use.

**Schell v DuBois, 94 Oh St 93**, the leading case on the subject, holds that:

"The violation of a statute passed for the protection of the public is negligence per se, * * *."

The section under consideration is a legislative enactment and not the promulgation of a rule by an administrative board. It was enacted under the police power of the state, enjoins a specific obligation upon those who used the public highways and provides a penalty for its violation. In our judgment, ▮▮▮ under the evidence the plaintiff had the right to have the question submitted to the jury whether or not the section was violated and if so, whether or not such violation was a proximate cause of plaintiff's injuries. If the jury found that the section had been violated, such action was negligence per se. Whether or not the violation was a proximate cause of plaintiff's accident is in the field of fact. It can be urged with much force that the ultimate question was presented to the jury when it was given the opportunity to determine whether or not the defendant's vehicles were over and onto the wrong side of the road. However, it is not unusual to have specifications of negligence presented to a jury which seem to overlap and present substantially the same question in different form.

At the time of oral presentation of this case discussion was had respecting the application of the two-issue rule and it is further argued in the brief of counsel for plaintiff. It is not considered in the brief of the defendant.

Inasmuch as error has intervened in particulars other than those related to the issue on contributory negligence, the two-issue rule cannot control to save the judgment.

Ninth assignment—Verdict not sustained by the evidence.

There was substantial support for the verdict of the jury under its prerogative as trier of the disputed facts.

The judgment will be reversed and cause remanded for a new trial.

BARNES, PJ, concurs.

GEIGER, J, concurs in judgment.

## ON APPLICATION FOR REHEARING

### Decided July 11, 1938

By THE COURT

The application of defendant for rehearing challenges in two particulars the correctness of our decision.

It is urged first that the court committed no error in refusing to submit to the

jury the specification of negligence based upon violation of §7248-2 GC. We adhere to our former opinion.

We are not testing the refusal to submit the specification of negligence grounded upon the failure of defendant to secure a permit from the county surveyor, but upon the averment of the violation of the section. Though it be granted that the violation of the statute is negligence per se, there was left the question whether its violation, under all the facts, was negligence. Nor can we find that that which the court said to the jury in the general charge was tantamount to a submission of any issue respecting the violation of §7248-2 GC.

We are, however, concerned with the second question urged, namely, the effect of the affirmative answer of the jury to the special interrogatory submitted to them by the court upon request of the plaintiff, which was answered in the affirmative. It is as follows:

"Could the plaintiff in the exercise of ordinary care for his own safety have seen the truck of the defendant in time in the exercise of ordinary care to bring his automobile to a stop and thus have avoided the accident?"

If the answer to this interrogatory in and of itself establishes contributory negligence on the part of the plaintiff, it is determinative of the judgment and supports the verdict.

We find that the effect of this interrogatory was not considered in our opinion.

We shall grant a rehearing on this one question and give counsel for plaintiff five days after the receipt of this opinion within which to file brief. Counsel for defendant need file no reply brief.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.

### ON REHEARING

Decided June 26, 1938

By THE COURT

We have considered briefs of both parties or rehearing and are satisfied that the affirmative answer to the special interrogatory submitted and quoted in our decision on the application for rehearing requires an affirmance of the judgment. It is urged in the brief of counsel for plain-

tiff that the interrogatory would have been consistent with the verdict had it been answered in the negative. We can not subscribe to this conclusion. A negative answer would have been consistent with ordinary care under all circumstances, whereas the affirmative reply establishes that the conduct of the plaintiff at the time of and immediately prior to the collision was inconsistent with the exercise of ordinary care. If in the exercise of due care he could have avoided the accident as the answer to the interrogatory determines, then he was chargeable with contributory negligence.

We regret that we did not give this interrogatory and the answer thereto more consideration in our original opinion but it was only alluded to briefly in the written argument and we did not give it the attention that it deserves.

The judgment will be affirmed.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.