## TENNANT v. CITY OF NEW YORK.

### In re DAILEY et al.

(Circuit Court of Appeals, Third Circuit. February 10, 1923.)

No. 2883.

**Bankruptcy ⬩⬩⬩314(1)—City, performing bankrupt's contract to remove garbage, held entitled to claim expenditures.**

Where a copartnership, which had undertaken a contract for the removal of the garbage of a city, became bankrupt, and neither the receiver nor the trustee in bankruptcy made any tender of willingness to assume the contract, it was proper for the city, as a health measure, to take possession of the bankrupt's plants and appliances for the removal of its garbage, and it was entitled to make claim against the bankrupt for the amounts expended by it in doing so, though it would be liable if, in the course of its operations, it overstepped its contractual rights.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

In the matter of John D. Dailey and another, individually and as copartners trading as Dailey & Ivins, bankrupts. From an order of the District Court, reversing the referee's refusal to consider the claim of the City of New York, and remanding the cause to the referee with directions to proceed, George G. Tennant, as trustee in bankruptcy, appeals. Affirmed.

Albert C. Wall, of Jersey City, N. J., for appellant.
Edward Maxson, of New York City, for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below, John D. Dailey and De Witt C. Ivins, doing business as Dailey & Ivins, filed a voluntary petition in bankruptcy on April 1, 1918. The firm had been and was then carrying away and disposing of the garbage and sweepings from the streets of New York, under a written contract. Their going into bankruptcy, of which they had informed the city that day of their purpose to so do, left the removal of the refuse of the city unprovided for and necessarily an alarming menace to public health. Neither the receiver that day appointed, nor the trustee subsequently elected, took any steps or tendered any willingness to assume this duty, and in view of the fact that the bankrupts themselves were without financial means and consequently their estate was equally so, it is clear that neither receiver nor trustee could perform. In the face of this emergency, the city took possession of the bankrupts' plants and appliances and proceeded to perform such acts as the bankrupts' contract obligated them to do, and the claim of the city here in question is for the costs of doing what the bankrupts failed to do.

The city sought, before the referee, to prove its claim therefor, but on the ground that the city had itself breached the contract; that it had unlawfully seized and retained possession of the bankrupts' plant and appliances and thereby had prevented prospective bidders from

⬩⬩⬩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

bidding on the work to the relief of the bankrupt estate, the referee refused and dismissed the city's claim. On certificate by him, the court below reversed the referee and remanded the cause, with directions to the referee to proceed. Such order is now before us for review.

We are of the opinion the decree was properly entered. Of the fact that the bankrupt firm was unable to continue its daily work of carrying away the sweepings and garbage, and that it abandoned the contract, there is no question, and of the right and duty of the city at once to take up and carry on such abandoned work there is also no doubt. Such being the case, it is equally clear that the city thereby laid the foundation of a claim for reimbursement. If, in undertaking to do this work, the city was guilty of any acts of omission or commission, or overstepped its contractual rights, all of these things are matters— matters on which we express no present opinion—to be considered and given due regard in disposing of the city's claim for reimbursement for its outlays; but, even if they exist, they do not so bar the presentation of the city's claim as to prevent its being made and enforced if its proofs so warrant. In that respect, the referee was wrong in dismissing the city's claim, and the court below was right in reinstating it, and allowing the matter to proceed in due course.

The decree below is therefore affirmed, and the case is remanded, without prejudice to the right of the trustee to assert any alleged claim of the bankrupt estate against the city for use and occupation, or for a trespass in taking and retaining possession of the equipment of the bankrupts.