## TURNER, DENNIS & LOWRY LUMBER COMPANY *v.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

ERROR TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI.

No. 271. Argued April 26, 27, 1926.—Decided May 24, 1926.

1. A suit by a shipper to recover money exacted by a carrier under an interstate tariff alleged to be unauthorized by the Interstate Commerce Act, or unconstitutional, is within the jurisdiction of the District Court, irrespective of the amount involved, as a suit arising under a law regulating commerce. Jud. Code § 24, par. eighth. P. 261.

2. Preliminary resort to the Interstate Commerce Commission is not essential to a suit to recover alleged wrongful demurrage charges, no administrative question being presented. P. 262.

3. An additional demurrage charge, miscalled a penalty, of ten dollars per car, per day, imposed by tariff on cars of lumber held at initial destination beyond a specified time, for reconsignment, and found reasonable, on evidence, by the Interstate Commerce Commission, does not exceed the Commission's statutory authority nor the power of Congress to delegate authority to the Commission. P. 262.

4. Neither is such charge violative of due process, because without notice other than that conveyed by the tariff, or violative of equal protection of the laws, because applicable only to cars loaded with lumber. P. 263.

2 Fed. (2d) 292, affirmed.

ERROR to a judgment of the District Court for the Railway Company in an action by the Lumber Company to recover a sum collected under a demurrage tariff.

*Messrs. Rees Turpin* and *Edward A. Haid* for plaintiff in error.

*Messrs. O. W. Dynes* and *J. N. Davis* for respondent.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

Turner, Dennis & Lowry Lumber Company brought this action against the Chicago, Milwaukee & St. Paul Railway Company in the federal court for western Missouri to recover $40 alleged to have been illegally exacted in December, 1921. That sum was collected by the carrier, in accordance with a demurrage tariff duly filed, as a so-called penalty at the rate of $10 a day for the detention of a car containing lumber shipped interstate over the defendant's railroad to the plaintiff at Aberdeen, South Dakota, and there held at its request for reconsignment. The claim that the charge was illegally exacted rests upon the contentions that imposition of a penalty exceeds the statutory authority conferred upon the Commission; that if the Interstate Commerce Act be construed as conferring such authority, the provision is void, because Congress is without power to authorize the Commission to impose it, since prescribing a penalty is a legislative function which cannot be delegated; and that, even if authority to impose a penalty was validly conferred, this particular provision is void, because, by imposing the penalty without notice, there is a denial of due process of law; and that, being imposed only on shippers of lumber, there is a denial of equal protection of the laws.

The tariff in question provides:

" To prevent undue detention of equipment under present emergency, the following additional penalties for detention of equipment will apply:

" On cars loaded with lumber held for reconsignment a storage charge of $10 per car will be assessed for each day or fractional part of a day that a car is held for reconsignment after 48 hours after the hour at which free time begins to run under the demurrage rules.

" These charges will be assessed regardless of whether cars are held on railroad hold tracks or transfer tracks, including consignee's or other private sidings, and will be in addition to any existing demurrage and storage charges."

The general nature of charges under the Uniform Demurrage Code was considered in *Swift & Co. v. Hocking Valley Ry. Co.,* 243 U. S. 281, and *Pennsylvania R. R. Co. v. Kitanning Iron & Steel Co.,* 253 U. S. 319. The origin and purpose of the penalty charge here in question were discussed in *Edward Hines, etc., Trustees* v. *United States,* 263 U. S. 143. The nature and scope of the reconsignment privilege are stated in *Reconsignment Case,* 47 I. C. C. 590; *Reconsignment Case No. 3,* 53 I. C. C. 455; *Stetson, Cutler & Co. v. New York, New Haven & Hartford R. R. Co.,* 91 I. C. C. 3. This penalty charge was attacked as unreasonable and unjustly discriminatory in *American Wholesale Lumber Association v. Director General,* 66 I. C. C. 393, and there held by the Interstate Commerce Commission to be neither unreasonable nor otherwise unlawful.[1]

By stipulation in writing a jury was waived; the case was submitted on agreed facts; these were adopted by the court as a special finding of facts; and judgment was entered for the defendant on November 8, 1924, 2 Fed. (2d) 291. The District Court had jurisdiction under Paragraph Eight of § 24 of the Judicial Code, despite the small amount, because the suit arises under a law regulating commerce. *Louisville & Nashville R. R. Co.* v.

---

[1] During the period of federal control this tariff was filed with the Interstate Commerce Commission, as provided by law, to be effective October 20, 1919. After the termination of federal control the defendant and other railroads continued to maintain the provision in their published tariffs until March 13, 1922, when it was cancelled in pursuance of the decision and order of the Commission in *American Wholesale Lumber Co. v. Director General,* 66 I. C. C. 393.

*Rice,* 247 U. S. 201.    Preliminary resort to the Interstate
Commerce Commission was unnecessary, because no ad-
ministrative question is presented.   *Great Northern Ry.
Co.* v. *Merchants Elevator Co.,* 259 U. S. 285.    The case
is here on direct writ of error under § 238 of the Judicial
Code, prior to its recent amendment, because of the con-
stitutional questions involved.

The efficient use of freight cars is an essential of an
adequate transportation system.   To secure it, broad
powers are conferred upon the Commission.   Compare
*United States* v. *New River Co.,* 265 U. S. 533; *Avent* v.
*United States,* 266 U. S. 127; *United States* v. *P. Koenig
Coal Co.,* 270 U. S. 512.   One cause of undue detention is
lack of promptness in loading at the point of origin or
in unloading at the point of destination.   Another cause
is diversion of the car from its primary use as an instru-
ment of transportation by employing it as a place of
storage, either at destination or at reconsignment points,
for a long period while seeking a market for the goods
stored therein.   To permit a shipper so to use freight cars
is obviously beyond the ordinary duties of a carrier.
The right to assess charges for undue detention existed
at common law.   Now, they are subject, like other freight
charges, to regulation by the Commission.   Demurrage
charges are thus published as a part of the tariffs filed
pursuant to the statutes.

All demurrage charges have a double purpose.   One is
to secure compensation for the use of the car and of the
track which it occupies.   The other is to promote car
efficiency by providing a deterrent against undue deten-
tion.   *Pennsylvania R. R. Co.* v. *Kitanning Iron & Steel
Co.,* 253 U. S. 319, 323; *Edward Hines, etc., Trustees* v.
*United States,* 263 U. S. 143, 145.   The charge here in
question, although called a penalty, is in essence an addi-
tional demurrage charge, increasing at a step rate.   Such
additional charges increasing with the length of the pe-

riod of detention were introduced in respect to some cars by the National Car Demurrage Rules. See Rule 7.— Demurrage Charges, sections A and B. They were widely applied while the railroads were under federal control. See General Orders of the Director General Nos. 3, 7, and 7a. Bulletin No. 4, Revised (1919), pp. 146, 151; Supplement to Bulletin, Revised (1920), p. 44. The power to impose such charges, if reasonable, is clear. Those here in question have been found by the Commission to be reasonable. It is not claimed that there was no evidence to support the finding. Compare *Louisiana & Pine Bluff Ry. Co.* v. *United States,* 257 U. S. 114.

The further contentions are that there was a denial of due process of law because the so-called penalty was imposed without notice; and that there was a denial of equal protection of the laws, because the charge was applicable only to cars loaded with lumber. The demurrage charge is, however, a tariff provision and not a penal law, and thus the tariff duly filed charges the shipper with the requisite notice. And neither the Constitution nor the rule of reason requires that either freight or demurrage charges or the reconsignment privilege shall be the same for all commodities. We find no reason to disturb the basis of the Commission's classification.

*Affirmed.*