## TENNANT v. UNITED STATES FIDELITY & GUARANTY CO. et al.

(Circuit Court of Appeals, Third Circuit. January 11, 1927.)

No. 3492.

**1. Principal and surety ⟨⟩175—Contract to indemnify surety, and agreeing to place surety in funds required before payment, is legal.**

Contract executed by principals to indemnify surety, and agreeing to place surety in funds which it might require before making payment, is legal, and may be basis of recovery.

**2. Bankruptcy ⟨⟩316(3)—Surety may prove damages by reason of payment on bond against bankrupt principal's estate, where contract requires furnishing surety with funds before payment (Bankruptcy Act, § 57i [Comp. St. § 9641]).**

Under contract whereby principal agreed to indemnify surety for any payments made on bond and agreeing to furnish surety funds required before making payment, surety after making payment in accordance with bond, has larger rights than those of subrogation under Bankruptcy Act, § 57i (Comp. St. § 9641), and is entitled to prove damages against principal's bankrupt estate.

**3. Bankruptcy ⟨⟩316(3)—Surety making payment on bond has provable debt against bankrupt principal.**

Surety, having made payment under bond, is creditor of bankrupt, with a provable debt in bankruptcy.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

In the matter of the bankruptcy of John D. Dailey and another, individually and trading as Dailey & Ivins. From a decree allowing the claims of the United States Fidelity & Guaranty Company and another, George G. Tennant, as trustee, appeals. Affirmed.

George G. Tennant and Albert C. Wall, both of Jersey City, N. J., for appellant.

John M. Enright and McDermott, Enright & Carpenter, all of Jersey City, N. J., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. [1-3] The bankruptcy in which the present case arises was before this court in Tennant v. New York, 286 F. 932. A reference to that case and to the opinion of the court below, which is printed in the margin,[1] sufficiently explains the present appeal. We have care-

---

[1] On April 1, 1918, John D. Dailey and De Witt C. Ivins, individually and copartners trading under the name of Dailey & Ivins, were adjudged bankrupts. The bankrupts were garbage men in the city of New York, and were obligated to that city for the performance of these duties upon a bond in the sum of $200,-000. The United States Fidelity & Guaranty Company and the American Surety Company were guarantors. Messrs. Dailey & Ivins did not perform their contract with the city, and a claim in its behalf in the sum of $730,962.25 was finally allowed. On May 1, 1924, the surety companies paid the city $180,000 in settlement of liability upon their bonds, each contributing one-half of the amount.

After the payment, the surety companies amended the claims which they had previously filed (the claims being for breach of contract, damages unliquidated), setting forth the settlement with city and seeking an allowance of a joint claim for $180,000, or several claims for $90,000, each against the partnership estate, and further setting forth that the American Surety Company was entitled to an allowance of $90,000 against the individual estate of the partners. The referee disallowed the claim against the partnership estate, but allowed the claim of the American Surety Company for $90,000 against the individual estate of the partners. The matter comes before this court on review.

The contract of the American Surety Company, upon which the claim is predicated, so far as pertinent, is as follows:

"III. That the indemnitor will perform all the conditions of said bond, and any and all renewals and extensions thereof, and will at all times indemnify and save the surety harmless from and against every claim, demand, liability, cost, charge, counsel fee (including fees of special counsel whenever by the surety deemed necessary), expense, suit, order, judgment, and adjudication whatsoever, and will place the surety in funds to meet the same before it shall be required to make payment, and in case the indemnitor requests the surety to join in the prosecution or defense of any legal proceeding the indemnitor will, on demand of the surety, place it in funds sufficient to defray all expenses and all judgments that may be rendered

fully considered the case, and, finding as we do that there was a timely and sufficient proof of the claims made, and the opinion of the court below so adequately and properly dis- cussing and deciding the additional questions involved in this appeal, we restrict our action to adopting such opinion, and on it affirm the decree.

therein. The indemnitor will not ask or require the surety to remove, or join in any application for the removal of, any proceeding from a state court to a federal court in any state where such action would in any way affect the surety's right to transact business.

"IV. That the suretyship is for the special benefit of the indemnitor, its property, income, and earnings now owned or hereafter acquired, to which the surety looks for its indemnity, and the indemnitor represents that it is specifically and beneficially interested therein.

"V. That the surety shall have every right and remedy which a personal surety without compensation would have, including the right to secure its discharge from its suretyship, and, should it make payment hereunder, shall have every right and remedy of the indemnitor for the recovery of the same.

"VI. That this agreement shall cover, not only the suretyship above recited, but all alterations, renewals, extensions, or modifications thereof which may be requested or assented to by the principal named in such obligation. That the surety shall be at liberty to pay or compromise any claim or charge of the character enumerated in section III hereof, and the voucher or other evidence of the payment thereof shall be prima facie evidence* of the fact and of the indemnitor's liability therefor to the surety."

It is to be noted that this contract is executed by John D. Dailey and De Witt C. Ivins, individually and as members of the firm of Dailey & Ivins. It is also to be noted that the principals expressly agreed that they would perform all the conditions of the contract, and also agreed to place the surety company in the funds which it might require before the surety company should be required to make payment. In this particular, the contract gives the surety rights beyond those implied in law. Such a contract is legal, and may be the basis of a recovery. Professor Williston says in his book on Contracts, at page 2311, as follows:

"At law, recovery on a contract of indem- nity before payment of the liability is dependent on the construction of the contract. If the terms are broad enough to amount to an indemnity against liability, and not merely an indemnity against payment in discharge of liability, recovery will be allowed as soon as the party to be indemnified has incurred liability. But courts of equity, even in the absence of words expressly guaranteeing freedom from liability, as distinguished from freedom from loss, specifically enforce the obligation and compel the promisor to meet his obligation to indemnify before payment of it by the promisee."

The learned referee took the view that the indemnity agreement of the American Surety Company did not create any larger rights than those of subrogation, so far forth as the estate of the bankrupt partnership was concerned, and disallowed the claim, taking the view that the only rights of the surety were by subrogation under section 57i of the Bankruptcy Act (Comp. St. § 9641), and in support of his position relies upon the case of Williams v. Fidelity & Guaranty Co., 236 U. S. 549, 35 S. Ct. 289, 59 L. Ed. 713. Since the contract of the parties gave the American Surety Company larger rights than those of subrogation and indemnity, it would seem that, so far as the surety company's contract was breached (and there is no dispute about that), it is entitled under that contract to damages which it has proved in the sum of $90,000, and may prove the same against all estates.

As to the United States Fidelity & Guaranty Company, it was also a creditor under its contract of the bankrupt partnership, with a provable debt in bankruptcy, which has now been liquidated, and its claim, as such, should have been allowed. Maryland Casualty Co. v. Jones, 140 Md. 395, 117 A. 765, 48 Am. Bankr. Rep. 624. See also United States Fidelity & Guaranty Co. v. Carnegie Trust Co., 177 App. Div. 176, 164 N. Y. S. 92; Id., 221 N. Y. 646, 117 N. E. 1086.

Let an order be entered accordingly.