**KRAUSS BROS. LUMBER CO. v. MELLON, Agent, etc., et al.**

Circuit Court of Appeals, Fifth Circuit. February 21, 1929.

No. 4910.

Brenton K. Fisk, of Boston, Mass. (Joseph P. Mudd, of Birmingham, Ala., and Harry S. Elkins, of Washington, D. C., on the brief), for appellant.

S. P. Smith, of Birmingham, Ala., and Alexander M. Bull, of Washington, D. C. (Stokely, Scrivner, Dominick & Smith, of Birmingham, Ala., and Sidney F. Andrews, of Washington, D. C., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is a suit by a shipper against railroad carriers to recover charges collected as demurrage for delay at points of reconsignment of interstate shipments en route to points of final destination.

The Interstate Commerce Commission, on complaint of the shipper, held that the collections, which it is agreed amounted to $10,356, were illegally made, and entered an order of reparation. The district judge before whom this suit was tried, being of opinion that the collections were legally made, refused to enforce the Commission's order, and, at the close of the evidence, upon motions for a directed verdict being submitted by both sides, directed a verdict and entered judgment for the carriers. That judgment was affirmed by this court without going into the merits of the case, because, as we thought, the evidence was not properly incorporated in the transcript of record. 18 F.(2d) 369. But the Supreme Court has held that we were wrong in this view, 276 U. S. 386, 48 S. Ct. 358, 72 L. Ed. 620; and we therefore proceed to consider the case on its merits.

The shipments involved covered a period from November 1, 1917, to January 12, 1918. During that entire period the capacity of railroad carriers to meet the demands of the Great War in the handling of traffic was taxed to the utmost limit, and embargoes were in effect in the eastern markets against shipments of lumber from both the initial and reconsignment points. Appellant was engaged in the business of buying lumber at the initial points and shipping it principally to the eastern markets, and with full knowledge of the existing embargoes made initial shipments consigned to itself at the reconsignment points, and then reconsigned to embargo points. The tariffs of the carriers contained no provision against reconsignment to embargo points, and the Commission held that because there was no such provision the carriers were without authority to assess and collect demurrage charges for detention at points of reconsignment. The carriers urged before the Commission that the plain purpose of the shipper was to evade and nullify the embargoes, and the Commission found that it had been the shipper's practice for years to reconsign to the same eastern points, but that the shipper disclaimed any intention to evade the embargoes, because it did not know what the final destinations would be at the time the shipments were originally made.

This finding of the Commission is consistent with the conclusion that the shipper intended from the beginning to ship to some one of the embargo points, but was uncertain merely as to the particular point. The Commission found also that the embargoes were reasonable and necessary, and the demurrage charges are not attacked as being excessive. Krauss Bros. Lumber Co. v. Director General, 66 I. C. C. 637. Therefore, the only question before us is whether the carriers had the legal right to collect demurrage in any amount. The right existed at common law to assess and collect demurrage at initial points, and still exists, subject to regulation by the Commission, Turner, Dennis & Lowry Lumber Co. v. C. M. St. P. R. Co., 271 U. S. 259, 46 S. Ct. 530, 70 L. Ed. 934; and it is conceded that original shipments cannot be forced on the carriers from either the initial or reconsignment points to any embargo point. "A route that is embargoed against certain traffic cannot be said to be available to shippers tendering such traffic." North Packing & Provision Co. v. Director General, 73 I. C. C. 749. The ruling of the Commission in this case was that demurrage was not collectible under railroad tariffs that contained no restrictions against reconsignment to embargo points; and The Reconsignment Case, 47 I. C. C. 590, is cited. In our opinion that ruling, while it may be valid in ordinary cases, cannot be applied in favor of a shipper who at the time of the original shipment has knowledge of an existing embargo at point

of destination, and consigns first to an intermediate point and then to an embargo point with the intention from the beginning to evade the embargo. In B. & O. S. W. Ry. Co. v. Settle, 260 U. S. 166, 43 S. Ct. 28, 67 L. Ed. 189, it was held that an intention to make a through shipment was controlling as against formal bills of lading that provided for an initial and a final shipment. We think that case controls this one. The District Court was authorized to find the facts by the motion of each side for a directed verdict, and under a well-settled rule its judgment should not be reversed if there was any substantial evidence to support it. Under the facts as found by the Commission, the district judge had sufficient evidence upon which to base the reasonable conclusion that appellant intended from the beginning to ship from initial points to some one or more of the embargo points.

It is, of course, immaterial that appellant did not know to which particular embargo point any given shipment would be sent. The legal effect of what was done is the same as if there had been but one point of origin and one point of destination.

The judgment is affirmed.