## TYSON–LONG CO. et al. v. WOLFE.
### No. 5452.

Circuit Court of Appeals, Seventh Circuit.
Dec. 19, 1935.

Rehearing Denied Feb. 5, 1936.

Frank R. Reid and Richard E. Keogh, both of Chicago, Ill., for appellant.

Franklin A. Slotin, of Chicago, Ill., for appellee.

Before EVANS and ALSCHULER, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

Plaintiff (appellee) brought this action to recover damages for the death of Rubin Borshefsky, occasioned by the alleged negligence of defendants (appellants). At the close of the trial by a court and jury, each party moved for a directed verdict in its favor. Both motions were denied, and the cause was submitted to the jury. Upon rendition of a verdict in plaintiff's favor, defendants moved to set it aside and for a new trial. This motion was

denied, and judgment was entered for the amount fixed in the verdict.

The asserted grounds for reversal are: (a) Error in submitting issues to the jury after both sides had unqualifiedly moved for a directed verdict; (b) failure of the court to direct a verdict in defendants' favor because (1) the evidence showed conclusively that the deceased was guilty of contributory negligence, and (2) the evidence failed to show defendants guilty of any want of ordinary care; and (c) errors in the charge to the jury.

■ We are satisfied that the court rightfully denied both motions for a directed verdict. The evidence strongly supported the plaintiff's contention that defendants were negligent, and yet negligence was not so clearly established as to have justified the court in taking this issue from the jury. Likewise, although the evidence on the issue of contributory negligence tends to sustain defendants' argument, yet it was not conclusively established. In short, the case was one where both issues were, save for both parties' moving for a directed verdict, determinable only by the fact-finding tribunal named in the fundamental law, viz., a jury.

Without attempting to support these positions by discussion, we will briefly state the facts bearing on these questions.

On a clear day at about 11:45 a. m. at Chicago, deceased stopped his Chevrolet truck on Roosevelt Road, facing east, within a foot of and parallel to the south curb at the southwest corner of Roosevelt Road and Washtenaw Avenue and about even with the crossing walk in a safety zone designated as such by two signs. Defendant Cox was driving what is called a tractor to which was attached a trailer belonging to co-defendant, Tyson-Long Company. He was accompanied by one Smith. They had started from Omaha the day before and had driven five hundred and twenty miles in twenty-two hours. They reached the same place on Roosevelt Road just after the car in which deceased rode, stopped. The trailer was wider than the truck.

Cox drove in beside the deceased's car. He attempted to turn to the left, and the wheels of the tractor went over the safety island. The rear wheels of the tractor slipped, the trailer swerved, and some part of the defendants' truck came into contact with the door of the Chevrolet car and pulled it open. The deceased was pulled from or fell out of his truck. The trailer ran over him and he died shortly thereafter in Chicago, Illinois.

There was room enough for defendants' truck, if carefully driven, to move into a position by the side of the truck driven by deceased. The trailer was wider and, in the handling of the truck and the trailer, Cox should either not have driven where he did or he should have taken extra precautions.

The fact that deceased's car was not moving, was in a proper position, and was then struck by defendants—leaves little room for argument over the propriety of submitting the question of defendants' negligence to the jury.

■ The facts respecting deceased's contributory negligence are more debatable. There is some dispute as to them. They required submission to a jury for determination. It may be said that there was evidence to the effect that deceased was jerked from his seat in the car onto the ground by virtue of the truck hitting the car and coming in contact with the door. Whether deceased started to open the door of his truck before defendants' trailer struck his truck is a disputed issue; likewise, the inference to be drawn therefrom, if established, presented a fact issue which only a jury could determine. The court therefore properly denied both motions for directed verdict.

■ What was the effect of the two unqualified motions for directed verdict? Under the Federal practice, the two motions constituted a waiver of a jury trial.[1]

[1] Beutell v. Magone, 157 U.S. 154, 15 S.Ct. 566, 39 L.Ed. 654; Positype Corp. v. Flowers (C.C.A.) 36 F.(2d) 617; Perkins v. Prudential Ins. Co. (C.C.A.) 69 F.(2d) 218; Globe Indemnity Co. v. Nodlere (C.C.A.) 69 F.(2d) 955; National Bank of S. C. v. Amer. Surety Co. (C.C.A.) 67 F.(2d) 131; Coleman Furniture Corp. v. Home Ins. Co. (C.C.A.) 67 F.(2d) 347; General Tire Co. v. Standard Ins. Co. (C.C.A.) 65 F.(2d) 237; Bank of Union v. Fid. & Cas. Co. (C.C.A.) 62 F.(2d) 1040; Barringer v. Dinkler Hotels Co. (C.C.A.) 61 F.(2d) 82; American Surety Co. v. Rep. Cas. Co. (C.C.A.) 42 F.(2d) 807; Maryland Cas. Co. v. Board of Education (C.C.A.) 34 F.(2d) 751; New York Life Ins. Co. v. Ollich (C.C.A.) 42 F.(2d) 399; Krauss Bros. Lumber Co. v. Mellon (C.C.A.) 30 F.(2d)

We do not understand the law to be that the court after a trial by jury could not submit certain questions of fact to the jury, even though a jury trial was, at the close of testimony, waived by the parties. He might well have desired the judgment of the jury on the question of damages.

The subsequent denial of a motion for a new trial and the entry of a judgment must be construed as findings by him in favor of the plaintiff on the controverted issues and for the amount of $8,000. It does not militate against the finding that the amount so found agreed with that found by a jury. There is authority to the effect that, although unqualified motions for directed verdict by both sides constitute a waiver of a jury trial, yet the judge may nevertheless submit the issues of fact to the jury and may adopt its verdict.[2]

Moreover, it appears that appellants took no exception to the submission of the issues to the jury. On the other hand, they acquiesced in the court's doing so. Certainly, the court was justified in assuming that when the subject was directly and definitely presented to them, counsel were perfectly agreeable to have the issues of negligence and damages passed upon by the jury.

It is clear that the charge to the jury, as given, while not as illuminating as it might have been, nevertheless stated the issues of law which were raised by the evidence. It would have been better to elaborate more, outline the issues, and discuss the evidence bearing thereon more fully than was done. In our view of the facts of this case, however, this was not prejudicial error.

The judgment is affirmed.

901; Hover & Co. v. Denver & R. G. W. R. Co. (C.C.A.) 17 F.(2d) 881; American Smelting & Refining Co. v. Hyman (C.C.A.) 16 F.(2d) 39; Ætna Ins. Co. v. Licking Valley Milling Co. (C.C.A.) 19 F.(2d) 177; Cont. Ins. Co. v. Fortner (C.C.A.) 25 F.(2d) 398; Paine v. St. Paul Union Stockyards Co. (C.C.A.) 28 F.(2d) 463; Clapper v. Gamble (C.C.A.) 28 F.(2d) 755; Cudahy Packing Co. v. City of Omaha (C.C.A.) 24 F.(2d) 3; Swift & Co. v. Col. Ry. (C.C.A.) 17 F.(2d) 46, 51 A.L.R. 983; White v. Bradley Timber Co. (D.C.) 119 F. 989; Holbrook v. Shepard (C.C.A.) 279 F. 193; Mayes v. U. S. Trust Co. (C.C.A.) 280 F. 25; West v. Roberts (C.C.A.) 135 F. 350; Orr v. Waldorf-Astoria Hotel Co. (C.C.A.) 291 F. 343; Empire State Cattle Co. v. Atchison Ry. Co. (C.C.A.) 147 F. 457, affirmed 210 U.S. 1, 28 S.Ct. 607, 52 L.Ed. 931, 15 Ann.Cas. 70; Williams v. Vreeland, 250 U.S. 295, 39 S.Ct. 438, 63 L.Ed. 989, 3 A.L.R. 1038; La Crosse Plow Co. v. Pagenstecher (C.C.A.) 253 F. 46; Magone v. Origet (C.C.A.) 70 F. 778; Allegheny Valley Brick Co. v. C. W. Raymond Co. (C.C.A.) 219 F. 477; Tri-Bullion Smelting & Development Co. v. Jacobsen (C.C.A.) 233 F. 646; Richman v. Mulcahy & Gibson (C.C.A.) 269 F. 786; Union Elec. Steel Co. v. Imperial Bank of Can. (C.C.A.) 286 F. 857; Ins. Co. of N. A. v. Wis. Cen. Ry. Co. (C.C.A.) 134 F. 794; Speelman v. Iowa State Traveling Men's Ass'n (C.C.A.) 4 F.(2d) 501; Globe & Rutgers Fire Ins. Co. v. Winter Garden Co. (C.C.A.) 9 F.(2d) 227; First Nat. Bank v. First Utah Bank (C.C.A.) 15 F.(2d) 913; U. S. v. De Armond (C.C.A.) 48 F.(2d) 465; So. Surety Co. v. Fid. & Cas. Co. (C.C.A.) 50 F.(2d) 16. See, also, cases cited in note, 18 A.L.R. 1433.

[2] North Philadelphia Trust Co. v. Smith, 13 F.(2d) 585 (C.C.A. 3); Maryland Casualty Co. v. Kramer, 62 F.(2d) 295 (C.C.A. 5); Harvey E. Mack Co. v. Ryan, 80 Mont. 524, 261 P. 283 (1927); Hollingsworth v. Ruckman, 72 Mont. 147, 232 P. 180; Phipps v. Stancliff, 118 Or. 32, 245 P. 508 (1926).