## LENGEL et al. v. NEWARK NEWS-DEALERS SUPPLY CO.

### No. 729.

District Court, D. New Jersey.
April 15, 1940.

Isserman, Isserman & Kapelsohn, of Newark, N. J., for plaintiff.

Herman Marx, of Newark, N. J., for Wage and Hour Division.

Braelow & Tepper, of Newark, N. J., for defendant.

WALKER, District Judge.

The defendant moves to dismiss this action contending the court lacks jurisdiction, because the amount actually in controversy is less than $3,000, exclusive of interest and costs; because the three employees of the defendant who designated John D. Lengel as their agent and representative to initiate and maintain this action for and on their behalf, do not individually have a claim amounting to at least $3,000, and the individual claims cannot be added together in order to total the jurisdictional amount required by law, and because, said claims cannot be joined together, inasmuch as they do not arise out of the same transaction, occurrences, or series of transactions or occurrences, and a common question of law or fact is not involved.

The action is alleged to arise under the provisions of Sections 6 and 7 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 206, 207; the authorization to John D. Lengel, hereinabove referred to, being predicated upon section 16(b) thereof, 29 U.S.C.A. § 216(b).

The plaintiff in support of jurisdiction contends that he asserts rights arising under a law regulating commerce, and if this is so, subsection (8) of Section 41 of U.S.C. Title 28, 28 U.S.C.A. § 41(8), gives to the United States District Court original jurisdiction, regardless of the amount in controversy. Davis v. Age-Herald Publishing Co., 5 Cir., 293 F. 591; Turner, Dennis & Lowry Lumber Co. v. Chicago, M. & St. P. R. Co., 271 U.S. 259, 46 S.Ct. 530, 70 L. Ed. 934; Mulford v. Smith, 307 U.S. 38, 59 S.Ct. 648, 83 L.Ed. 1092.

The complaint herein alleges that the defendant is engaged in the sale and distribution of daily newspapers, periodicals and other printed matter obtained and purchased within and outside the State of New Jersey, and sold and distributed by the defendant from the State of New Jersey to points within and outside the State of New Jersey, and that the defendant failed to pay to the three employees in question, who were employed in its garage as mechanics, in the maintenance and repair of automobile trucks used in the business within and outside the State of New Jersey, minimum wages and overtime compensation in accordance with the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., and these and other facts set forth in said complaint reveal a substantial suit or controversy over the validity, construction, or effect of a law regulating commerce, which will be defeated or sustained, according to the construction given such law and its applicability to the employees in question, and it may be fairly said that this suit arises under a law regu-

lating commerce and is within the jurisdiction of this court without reference to the amount involved. Young & Jones v. Hiawatha Gin & Mfg. Co., D.C., 17 F.2d 193.

The motion of the defendant is denied.