**DOWNEY v. GEARY–WRIGHT TOBACCO CO.**
No. 187.

District Court, E. D. Kentucky.
May 14, 1941.

**34**

J. A. Edge, of Lexington, Ky., for plaintiff.

Harry B. Miller, of Lexington, Ky., for Geary-Wright Tobacco Co.

John T. Metcalf, U. S. Atty., of Lexington, Ky., and John S. Yost and W. Carroll Hunter, Sp. Assts. to the Atty. Gen., for the United States as intervenor.

FORD, District Judge.

This is a civil action which was originally filed in the Circuit Court of Fayette County and which, by regular and timely proceedings, was removed to this Court. The defendant rests its claim to the right of removal upon the ground that it is a suit arising under a law of the United States regulating commerce. Plaintiff challenges this claim by motion to remand.

Section 28 of the Judicial Code, 28 U.S. C.A. § 71, authorizes removal from state courts of "any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, * * * of which the district courts of the United States are given original jurisdiction", and section 24(8) of the Judicial Code, 28 U.S. C.A. § 41(8), confers original jurisdiction upon the district courts of the United States "of all suits and proceedings arising under any law regulating commerce."

Federal jurisdiction conferred by Section 24(8) of the Code is not conditioned upon the amount involved or diversity of citizenship. Mulford v. Smith, 307 U.S. 38, 46, 59 S.Ct. 648, 83 L.Ed. 1092. The sole question is whether this is a suit which "arises under any law regulating commerce".

In Gully v. First National Bank, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70, Mr. Justice Cardozo summarized various tests to be applied in determining whether a particular case arises under a law of the United States, within the meaning of the statute, thus: "To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. Starin v. New York, 115 U.S. 248, 257, 6 S.Ct. 28, 29 L.Ed. 388; First National Bank v. Williams, 252 U.S. 504, 512, 40 S.Ct. 372, 374, 64 L.Ed. 690. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. Id.; King County v. Seattle School District, 263 U.S. 361, 363, 364, 44 S.Ct. 127, 128, 68 L.Ed. 339. A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto (New Orleans v. Ben-

jamin, 153 U.S. 411, 424, 14 S.Ct. 905, 38 L.Ed. 764; Defiance Water Co. v. Defiance, 191 U.S. 184, 191, 24 S.Ct. 63, 48 L. Ed. 140; Joy v. St. Louis, 201 U.S. 332, 26 S.Ct. 478, 50 L.Ed. 776; City and County of Denver v. New York Trust Co., 229 U.S. 123, 133, 33 S.Ct. 657, 57 L.Ed. 1101), and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. (Tennessee v. Union & Planters' Bank, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511; Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126; The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716; Taylor v. Anderson, 234 U.S. 74, 34 S.Ct. 724, 58 L.Ed. 1218). Indeed, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense. Devine v. Los Angeles, 202 U.S. 313, 334, 26 S.Ct. 652, 50 L.Ed. 1046; The Fair v. Kohler Die & Specialty Co., supra."

The petition in this case declares, in substance, that in the season of 1940 the plaintiff grew a crop of tobacco in Franklin County, Kentucky, "as a joint adventurer with the owner of the land upon which same was grown"; that the defendant Geary-Wright Tobacco Company is a corporation conducting a public warehouse and engaged in selling tobacco for growers and collecting the proceeds; that on or about the 10th day of December, 1940, plaintiff delivered about 3,806 pounds of his tobacco to the defendant's warehouse which was thereafter sold by the defendant and for which the amount of $601.18 was realized, after deduction of ordinary commissions, freight, drayage and other usual charges, but that instead of paying to the plaintiff the full amount realized for his crop the defendant retained $380.60 (10¢ per pound) and paid him only the sum of $220.58; that this deduction was illegal and confiscatory and, on numerous other occasions, the defendant has retained like illegal deductions from other tobacco producers whose tobacco was sold under similar circumstances, "that an accounting should be had with the defendant, that a receiver should be appointed by this court to receive and to hold any and all sums of money with-held from the sale of the said tobacco described in this petition and all other sums of money paid by various tobacco growers and with-held from them in the manner complained of in this petition."

The prayer of the petition is that "an accounting be had with the defendant to ascertain the amount due to him on all tobacco sold on said date, the deductions made and the purpose for which the defendant intends to apply same, and that all sums of money with-held from the plaintiff and those persons for whom he sues be paid to said receiver to be held by him until the rights of this plaintiff and all patrons and tobacco growers can be ascertained. He prays judgment of this court that it be decreed that the defendant was without right to withhold any sums of money from the purchase price of his tobacco, and that it is the duty of the defendant to pay to him the said $380.60 and interest thereon. He prays that this suit be permitted to be prosecuted for the benefit of the plaintiff and all other persons similarly situated."

The Court has judicial knowledge of the fact that "the marketing of tobacco constitutes one of the great basic industries of the United States with ramifying activities which directly affect interstate and foreign commerce", that the Congress of the United States has so declared by the Agricultural Adjustment Act of 1938, Sec. 311 of the Act, 7 U.S.C.A. § 1311, and in order "to promote, foster and maintain an orderly flow of this basic commodity in interstate and foreign commerce", has "found it necessary and appropriate" to regulate and control the marketing of it by authorizing the establishment of marketing quotas and prescribing penalties for the marketing thereof in excess of established quotas, by fixing and defining the rights and duties of producers, warehousemen and other persons engaging or participating in the marketing industry and by conferring upon the Secretary of Agriculture the authority to prescribe such rules and regulations as might be or become necessary for the enforcement of the Act. The Court must take judicial notice not only of the provisions of the Act itself but of all rules and regulations made and promulgated under its authority for, "wherever, by the express language of any act of congress, power is intrusted to either of the principal departments of government to prescribe rules and regulations for the transaction of business in which the public is interested, and in respect to which they have a right to participate, and by which they are to be controlled, the rules and regulations prescribed in pursuance of such authority become a mass of that body of public records of which the courts take judicial no-

tice." Caha v. United States, 152 U.S. 211, 222, 14 S.Ct. 513, 517, 38 L.Ed. 415.

The plaintiff contends that his petition discloses nothing more than a common law cause of action "for money had and received" and, upon the authority of Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126, and Tennessee v. Union & Planters' Bank, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511, insists that his petition does not disclose a case which arises under any law of the United States.

■ The foregoing summary of the averments of the petition and the relief sought seems sufficient to show that the cause of action asserted extends beyond a mere common law action of assumpsit. The plaintiff invokes the jurisdiction of the Court on behalf of himself and all other persons similarly situated to secure a judgment declaring the rights and duties of the parties in respect to a transaction which so directly affects interstate commerce that, in the exercise of its constitutional powers, the Congress has seen fit to regulate it and to prescribe the rights and duties of parties participating in it. Agricultural Adjustment Act of 1938, 52 Stat. 45–48, 49, 7 U.S.C.A. §§ 1311–1322. The plaintiff thus makes the determination and declaration of the law of the United States governing the rights and duties of the parties an essential element of his case. He presents a claim and discloses a controversy of such a nature that it can only be correctly determined by a declaration of the law under and in the light of the Act of Congress and the regulations made pursuant thereto. This is disclosed upon the face of the complaint without anticipating defenses and unaided by the petition for removal. This differentiates the instant case from the cases upon which plaintiff relies.

Obviously in rendering any judgment predicated upon the facts set out in the petition and in response to its prayer for a declaration of the rights and duties of the parties in respect to the transaction described, the federal question could not be avoided even if no answer were filed and no defense of any character made.

■ As the Court takes judicial notice of the federal law involved, the omission of specific reference thereto in the pleadings is immaterial. Southern Pacific Co. v. Stewart, 245 U.S. 359, 362, 38 S.Ct. 130, 62 L.Ed. 345; Hartford Fire Ins. Co. v. Kansas City, M. & O. Ry. Co., D.C., 251 F. 332. Neither is it material that the case may be ultimately decided upon some other issue. "It should be borne in mind in this connection that jurisdiction depended upon the allegations of the bill, and not upon the facts as they subsequently turned out to be." City R. Co. v. Citizens' Ry. Co., 166 U.S. 557, 562, 17 S.Ct. 653, 655, 41 L.Ed. 1114.

■ That the plaintiff does not rely upon "any law regulating commerce" does not leave the suit beyond the reach of federal jurisdiction under Section 24(8) of the Jud.Code, 28 U.S.C.A. § 41(8), if, as a matter of law, his case must stand or fall or its correct determination depend upon the effect or validity of applicable Congressional legislation enacted under the "commerce clause" of the Constitution, art. 1, § 8, cl. 3. Turner, Dennis & Lowry Lumber Co. v. Chicago, M. & S. P. Ry. Co., 271 U.S. 259, 46 S.Ct. 530, 70 L.Ed. 934; Mulford v. Smith, 307 U.S. 38, 59 S.Ct. 648, 83 L.Ed. 1092.

Looking to the nature of the plaintiff's case, confined to an orderly statement of facts essential to show him entitled to a declaratory judgment of the nature which he seeks, I am of the opinion that the suit is within the statutes conferring original jurisdiction upon the district courts of the United States and authorizing removal thereto, upon the ground that it is a suit arising under a law of the United States regulating commerce. See Blease et al. v. Safety Transit Co., 4 Cir., 50 F.2d 852; Young & Jones v. Hiawatha Gin & Mfg. Co., D.C., 17 F.2d 193, and the authorities cited therein.

The plaintiff's motion to remand should be overruled.