## UNION PACIFIC RAILROAD CO. v. UNITED STATES.

No. 98.   Argued March 23, 1960.—Decided April 4, 1960.

*Elmer B. Collins* argued the cause for appellant.   With him on the brief was *James H. Anderson.*

*John G. Laughlin, Jr.* argued the cause for the United States.   With him on the brief were *Solicitor General Rankin, Assistant Attorney General Doub* and *Morton Hollander.*

PER CURIAM.

Appellant, along with other railroads, has for years engaged in the "roller lumber traffic" by performing intentionally delayed service in the transportation of lumber from the West Coast to market.   Six roads so engaged have filed tariffs covering such services at the same rate as their fast freight, and the Interstate Commerce Commission now has such tariffs under investigation and consideration.   Appellant, however, has refused to file a tariff covering such service but continues to handle roller lumber traffic on the same tariff as its fast freight.

The United States, at the instance of the Interstate Commerce Commission, sought and obtained a permanent injunction restraining appellant from performing its roller lumber traffic service until it publishes and files a tariff covering the same. The District Court found that appellant renders a 14-day delayed lumber service over a route ordinarily requiring from two to four days. The delay is accomplished by the holding of cars on sidings at certain points on its trunk lines awaiting diversion orders to move the shipment forward over the railroad's regular service. This affords the shipper additional time to find a market for the lumber while it is in transit. This service, the District Court found, incurred additional "operational problems and costs" for appellant, including switching, siding, storage and "per diem cost for the use of foreign cars" not present in its fast freight service and not included in its published tariff. We agree with the District Court that such delayed service constitutes the furnishing of additional "privileges or facilities" under § 6 (7) of the Interstate Commerce Act, and, therefore, must be published and filed in its tariff. 49 U. S. C. § 6 (1). See *Turner Lumber Co.* v. *Chicago, M. & St. P. R. Co.*, 271 U. S. 259, 262 (1926).

If and when appellant publishes and files such a tariff, as other roads have already done, the Commission can then consider the reasonableness and justness of appellant's service in the light of that rate, giving due regard to any unjust or unreasonable preferences or advantages that might result to shippers or other roads should the same not be approved.

*Affirmed.*