Robert K. DOWER, Appellant,

v.

UNITED AIR LINES, INC., a Corporation, Appellee.

No. 18933.

United States Court of Appeals
Ninth Circuit.

March 16, 1964.

Robert K. Dower, in pro. per.

Steinhart, Goldberg, Feigenbaum & Ladar, John J. Goldberg and Neil E. Falconer, San Francisco, Cal., for appellee.

Before MADDEN, Judge of the Court of Claims, and MERRILL and KOELSCH, Circuit Judges.

MERRILL, Circuit Judge.

This appeal is taken from judgment dismissing appellant's action for want of jurisdiction.

Appellant sued for $2.30 compensatory and $10,000 punitive damages for what he alleged was an arbitrary cancellation of his confirmed priority to space on an air flight from San Francisco to Los Angeles. This, appellant alleged, amounted to unreasonable preference in violation of § 404(b) of the Federal Aviation Act, 49 U.S.C. § 1374(b). That section provides:

"No air carrier * * * shall make, give, or cause any undue or unreasonable preference or advantage to any particular person * * in air transportation in any respect whatsoever or subject any particular person * * * in air transportation to any unjust discrimination or any undue or unreasonable prejudice

or disadvantage in any respect whatsoever."[1]

"Air transportation" is defined in § 101(10) of the Act, 49 U.S.C. § 1301(10), to mean (as relevant here) "interstate \* \* \* air transportation."

"Interstate air transportation" in turn is defined by § 101(21), 49 U.S.C. § 1301(21) to mean, in the context of this case, "the carriage by aircraft of persons or property as a common carrier for compensation or hire \* \* \* in commerce between \* \* \* (a) a place in any State of the United States, or the District of Columbia, and a place in any other State of the United States, or the District of Columbia; or between places in the same State of the United States through the airspace over any place outside thereof \* \* \*."

The district court ruled that a flight from San Francisco to Los Angeles did not fall within this definition. We agree.

Appellant now suggests that the flight in question was one which originated outside the State of California. This was not alleged. The record shows that the district court offered appellant the opportunity to amend his complaint in this respect and that the offer was rejected. It was not error, then, to dismiss without leave to amend. See Joy v. Hague (1 Cir. 1949) 175 F.2d 395, cert. denied (1949) 338 U.S. 870, 70 S.Ct. 147, 94 L.Ed. 534.

The district court also ruled that appellant had failed to establish diversity jurisdiction, there being no reasonably foreseeable possibility that he could recover at least $10,000.

Although appellant challenged this portion of the district court's order in his statement of points on appeal, subsequently he failed to include any such challenge in the specification of errors in his brief, as is required by this court's Rule 18 with respect to "each error intended to be urged"; nor did he argue the point in his brief. In view of this failure, the point is deemed abandoned, and accordingly the issue will not be considered on this appeal. See Everest & Jennings, Inc. v. E & J Mfg. Co. (9 Cir. 1958) 263 F.2d 254, 258, cert. denied (1959) 360 U.S. 902, 79 S.Ct. 1284, 3 L.Ed.2d 1254.

Affirmed.

---

1. It has been held that this section gives to one who has been discriminated against in violation of its provisions a civil cause of action falling within 28 U.S.C. § 1337. Fitzgerald v. Pan American World Airways, Inc. (2 Cir. 1956) 229 F.2d 499. That section confers on the district courts "original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce \* \* \*" without regard to amount in controversy. Turner, Dennis & Lowry Lumber Co. v. Chicago, M. & St. P. Ry. (1926) 271 U.S. 259, 46 S.Ct. 530, 70 L. Ed. 934.